BONIFACE *v.* BONIFACE.

Opinion delivered June 10, 1929.

*McMillen & Scott,* for appellant.

*J. A. Tellier,* for appellee.

KIRBY, J. This appeal is prosecuted from a decree refusing to grant appellant an alteration or reduction of the amount of alimony adjudged against him in his successful suit for divorce against his former wife, appellee.

Appellant, then a colonel in the United States Army, brought suit for divorce against appellee, his wife, alleging desertion as a ground therefor, and obtained a decree for divorce on August 2, 1921, in which he was adjudged to pay the wife, appellee, the sum of $250 per month for alimony, out of which she was required to support their 15-year-old daughter, and provided that said allowance should be decreased in proportion to any decrease in the base pay which may be visited upon the plaintiff. The appellant married about a year after the divorce was granted, and now has a wife and five-year-old son in the family, and has had much additional expense on account of taking care of his mother, now deceased. The daughter, whose maintenance was provided for in the allowance to appellee in the original decree, was first married and then divorced, and is married again, and is self-supporting. The colonel, appellant, is now on the retired list, and his salary is $375 per month. The parties had no property for division when the decree was rendered, and each of them appears to have acquired more debts and obligations than property since that time. Two or three applications have been made for a reduction of the amount of alimony required to be paid because of changed conditions since the first

decree was rendered, the last being rendered September 29, 1928, reducing the amount of the alimony from $200 per month to $162.50 per month, the appellant being allowed to pay only $132.50 per month for one year in order to enable him to pay off certain debts, and required to pay the $162.50 per month from December 1, 1928.

The chancery court has the unquestioned power to allow alimony to a wife against whom a decree of divorce is granted, and to alter the allowance of alimony at any time upon a proper showing made, the amount allowed being governed by the circumstances of the particular case. Section 3510, C. & M. Digest; *Kurtz* v. *Kurtz*, 38 Ark. 119; *Prior* v. *Prior*, 88 Ark. 302, 114 S. W. 700, 129 Am. St. Rep. 102; *McConnell* v. *McConnell*, 98 Ark. 193, 136 S. W. 931, 33 L. R. A. (N. S.) 1094; *Johnson* v. *Johnson*, 165 Ark. 195, 263 S. W. 379; *Clyburn* v. *Clyburn*, 175 Ark. 330, 299 S. W. 38.

It is insisted by appellant that the court erred in not reducing the amount of the allowance of alimony required to be paid by him materially further, to $75 per month, while the appellee insists that there have been no changed conditions in the circumstances of the parties that would warrant the reduction of the allowance of alimony below the sum of $187.50 per month, which she insists is in accordance with the agreement of the parties incorporated in the decree of divorce.

It is true that the decree provides that the sum of $250 per month should be paid for alimony, out of which the daughter was to be supported, and that "said allowance shall be decreased in proportion to any decrease in the base pay which shall be visited upon plaintiff." There was no property, as already said, to be divided between the parties when the divorce was granted, and it appears from the record that appellee regarded her social position better because of the prominence of her father and brothers as officers in the United States Army than as reflected by her husband's rank therein. She preferred life at Washington rather than the more

strenuous life of the military camps and cantonments, where her husband, in the discharge of his active duties, was required to live, and refused finally to accompany him to the places where he was required to serve. Since the decree of divorce there has been almost a continuous effort on the part of appellant, because of changed conditions, to procure an alteration or reduction of the allowance of alimony, and resistance of such effort on the part of the wife, to the extent of making complaints to the Department and superior officers of appellant.

Appellant is no longer in active service, being on the retired list, and now has a wife, who cares for and lives with him, and a five-year-old son dependent upon him for support. If the obligation to support a divorced wife under the decree entered be held to continue so long as she shall live unmarried, even beyond the retirement of the husband from active service and until his death, as appears to be the case, the changed situation and condition of the parties and the circumstances of the particular case must control and govern the amount of alimony allowed.

After a careful examination of all these matters as shown in the record, we have concluded that the court erred in not reducing the amount of the allowance of the alimony to the sum of $100 per month herein. That will require the payment by appellant to his divorced wife, under existing conditions, of a little over one-fourth of the amount of his entire income or estate, and certainly he should not be burdened, under the circumstances of this case, nor himself, his wife and child deprived of substantially more than an equal share of the amount of his income distributed among all entitled to support therefrom. The chancellor erred in holding otherwise, under the existing conditions, and his finding of fact, so far as necessary for a proper determination of the matter, is contrary to the preponderance of the testimony. The decree will be modified in accordance with this opinion, fixing the amount of alimony allowed and

required to be paid by appellant at $100 per month. It is so ordered.

Appellee is not entitled, of course, to relief on the cross-appeal.