Argued July 6; modified July 25, 1933

# ANDREWS *v.* ANDREWS

(24 P. (2d) 332)

*Henry S. Westbrook,* of Portland, for appellant.
*Marvin K. Holland,* of Portland, for respondent.

CAMPBELL, J. On March 10, 1931, a decree was entered dissolving the marriage contract up to that time existing between plaintiff and defendant. The decree was granted to defendant on a counterclaim and awarded her the real estate (Lot 15, Block 3, Elberta, Portland, Multnomah county, Oregon) home of the parties and held by them as an estate by entirety, and ordered plaintiff to deed all his right, title and interest therein to defendant. Thereafter plaintiff executed to defendant a good and sufficient conveyance of said property. Defendant was also awarded alimony at the rate of $60 per month. Neither in the pleadings, nor in the decree was anything said about the personal property of either party. No appeal was taken from that decree.

At the date of the decree, plaintiff was a strong, able-bodied man, employed as a train conductor by the O.-W. R. & N. Co., receiving $245 per month. Within a few days after the decree was granted, plaintiff had a severe attack of locomotor ataxia which made him a helpless cripple and completely destroyed his earning capacity. Thereafter he was pensioned by his employer at the rate of $66 per month. This pension is his only means of support. He had an insurance policy which he cashed and received $955 thereon which he used to pay a sum he had borrowed on an insurance policy in the A. O. U. W., attorney fees, costs and maintenance of defendant during the pendency of the suit. He neglected to pay his alimony for some months and was cited before the court. The court, on its own

motion, reduced the rate of alimony to $30 per month, and, on the showing made, entered a judgment against plaintiff for the amount of alimony then due, to-wit: $570.

On April 29, 1932, plaintiff filed a motion in said court asking that the decree be modified: (1) to relieve him of the payment of all alimony accrued or to accrue; (2) that the part of the decree in reference to the real estate be set aside and a decree now entered decreeing him to be the owner of an undivided one-half thereof; (3) to compel defendant to turn over to him all the personal property belonging to him located in the former home of himself and defendant; (4) to vacate the judgment entered against him for past accrued and unpaid alimony; (5) to exempt his pension from attachment, lien of, or execution on any judgment for alimony.

This motion was supported by plaintiff's affidavit showing substantially the above facts. The defendant contested the motion and filed an affidavit in which she asserts in effect that she believes that plaintiff has money and property more than he admits; that her own physical condition is not so very good; that the home property was voluntarily deeded to her by plaintiff; that after waiting the required period plaintiff married another woman and that his present wife is able to take care of him both physically and financially; that affiant remains in a state of single unhappiness with no one to care for her. The greater portion of her affidavit is largely argument, more or less bitter.

To this affidavit plaintiff replied with one in which, with equal sarcasm, he attempts to refute the arguments therein.

The court denied the motion in all particulars. Plaintiff appeals.

■ There can be no question of the court's authority to set aside or modify the provisions of a decree in a divorce suit regarding the payment of maintenance of either parties to the suit. Oregon Code 1930, section 6-915; *Saurman v. Saurman,* 131 Or. 117 (282 P. 111); *Phy. v. Phy,* 116 Or. 31 (236 P. 751, 240 P. 237, 42 A. L. R. 588).

"* * * provided, however, that such decree shall be a final judgment as to any installments or payments of money provided for therein which have accrued up to the time either party shall move the court to set aside, alter or modify the same; and provided, further, that the court shall not have the power to set aside, alter or modify such decree or any portion thereof which may provide for the payments of money, either for the nurture or education of minor children or the maintenance of either party to the suit, which have accrued prior to the filing of such motion". Oregon Code 1930, section 6-915.

■ Plaintiff asserts that the above quoted portion of section 6-915, Oregon Code 1930, is unconstitutional because at the time the Constitution of Oregon was adopted it carried with it all territorial laws in effect at that time. Constitution of Oregon, Article XVIII, section 7. He contends, therefore, that the territorial law relating to divorce became a portion of the constitution and could only be amended in the same way as the constitution itself.

In 1854, the Territorial Legislature of Oregon enacted a complete code, civil and criminal, in which among other chapters, was one covering the subject of divorce. The provisions of the 1854 Code have been repealed, amended and superseded by legislative en-

actments, we dare say, hundreds of times, yet no one heretofore has contended that such amendments were unconstitutional because enacted by the legislature. *Killam v. Multnomah County,* 137 Or. 562 (4 P. (2d) 323).

■ The instant motion was tried on affidavits. These affidavits present an entirely different situation to that which attended the entry of the decree. Then the plaintiff was an able-bodied man, earning $245 per month; now he is a partially paralyzed cripple requiring almost as much attention as a helpless infant, with no earning capacity whatever. The admitted facts show that without his present wife he would, in all probability, be a county charge. Under these conditions, he should not be required to contribute nearly 50 per cent of his meager pension to the support of his former wife. She has a home and sufficient health and strength to materially help in earning a living. On the showing made, the amount of alimony that plaintiff is required to pay should be reduced.

The law providing for exemptions from execution, exempts among other property:

"All pensions which have been or shall hereafter be granted to any person in recognition or by reason of a preceding period of employment by or service for the government of the United States of America, or any state, or political subdivision of any state, or any municipality, person, partnership, association or corporation, shall be exempt from attachment and execution and all other process, mesne or final. Such exemption shall be effective without necessity of claim thereof by any such pensioner." Oregon Code 1930, section 3-207, sub-sec. 10.

■ It appears that his pension was garnisheed in the hands of his former employer but later voluntarily re-

leased by defendant's attorney so that the question of his pension is not before the court. This court has no jurisdiction to issue a declaratory judgment on a motion to modify a decree of divorce in respect to alimony.

■ Neither is the question of personal property before the court. There was no order made respecting it in the decree nor mention made of it in the pleadings.

■ Admitting that that part of the decree awarding defendant all the real estate held by the entirety and requiring plaintiff to convey all his interest therein to defendant is void, yet, plaintiff voluntarily made the conveyance so we therefore cannot now, in this proceeding, grant him any relief in the matter.

The order of the circuit court denying the motion to modify the decree, so far as it relates to the payment of alimony, will be set aside and the cause remanded with instructions to enter one modifying the decree in this respect and fixing the payment of alimony or maintenance of defendant, at $10 per month from the date the motion was filed, with the privilege of either party again moving if conditions should change. In all other respects, the order will be affirmed. Neither party will recover costs.

It is so ordered.

RAND, C. J., BEAN, and BAILEY, JJ., concur.