## Rose et al. v. Rose.

October 14, 1947.

E. B. Beatty, Judge.

Redwine & Redwine for appellants.

Shumate & Shumate for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The opinion on the first appeal is reported in 302 Ky. 658, 195 S. W. 2d 269. Therein the judgment in respect to alimony was reversed, with directions that, in the absence of a showing of change in appellee's income, judgment should be entered awarding appellant $100 per month. On its return, pursuant to motion, the case was reopened and evidence heard on change of condition, specifically failure of appellee's health and reduc-

tion in his income. This evidence discloses that he is suffering from a disease of the heart, angina pectoris, on which account he has been retired by the Louisville & Nashville Railroad Company, subject to reinstatement in the event he recovers sufficiently to pass the Company's physical examination. This condition has caused him the loss of $2,700 per year income from that particular source. However, in the 11 months following his dismissal from employment by the Railroad Company appellee received approximately $3,770 from the Brotherhood of Railroad Trainmen and two insurance companies. Out of these proceeds he failed to recognize his obligation to his former wife, whose condition of health is wretched, as will be seen in reading the first opinion; and his failure in this respect was in absolute disregard of this Court's opinion on the first appeal, which was rendered less than six months after his retirement by the Railroad Company. He admitted that he is entitled to participate in the retirement fund created and maintained by the Railroad Company, and that he is entitled to receive certain compensation from the Veterans Administration; but he has made no endeavor to determine the amounts he will receive from these two sources, and his failure to obtain this information renders it extremely difficult for this Court to fix an adequate and fair award at this time. The burden was on appellee to show a change in income. Because he has not been as frank in disclosing his resources as the circumstances demand, we are inclined to resolve any doubt in the case in favor of appellant. The Chancellor fixed the award at $15 per month. We consider this to be inadequate, for which reason the judgment is reversed, with directions that another be entered awarding appellant $50 per month until such time as appellee makes a full disclosure of his income. The award herein provided for shall be effective from the ninth day of September, 1946, the date of the filing of the mandate issued on the first appeal. Appellee shall be given credit for any payments made since that time.

Appellant's attorneys have appealed from the judgment which denied them an allowance for their services to be taxed as costs against appellee. They were employed in the case after the reversal of the first judgment; and the Court likely came to the conclusion that

they were not entitled to have their fee taxed as costs against appellee under the rule stated in Campbell v. Campbell, 240 Ky. 202, 41 S. W. 2d 1093, where it was held that a divorced wife is not entitled to an allowance for the conduct of litigation instituted by her against her divorced husband. But the circumstances in this case more nearly resemble those in Horton v. Horton, 294 Ky. 374, 171 S. W. 2d 424. In the judgment first entered in the Horton case, a divorce was granted, but the issues as to property rights and custody of the child were reserved; thereafter a judgment was entered declaring the property rights and awarding custody of the infant. This Court made an allowance for services rendered in respect to the issues as to property rights and custody of the child after the judgment of divorce was entered. The services for which Mrs. Rose's present counsel are asking a fee were rendered after the original allowance for services in the lower Court, but they are services incident to the original action and made necessary by appellee's contention that his financial condition has changed. We are of the opinion that the Chancellor should have allowed a reasonable attorney fee, which we direct to be done on return of the case.

Judgment reversed.