499 P.2d 174

**Winifred E. LINTON, Appellant,**

v.

**Walter LINTON, Appellee.**

**No. 1 CA–CIV 1538.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 11, 1972.

Rehearing Denied Aug. 4, 1972.

Review Denied Oct. 3, 1972.

Bellamak & Mitchell by Ferris W. Bellamak, Scottsdale, for appellant.

Flynn, Kimerer, Thinnes & Galbraith by John J. Flynn, Phoenix, for appellee.

EUBANK, Judge.

This is an appeal from a judgment of the Superior Court finding "changed circumstances" and modifying a prior divorce decree by eliminating entirely appellant's monthly alimony award. Appellant generally questions the character and sufficiency of the evidence to support the trial court's finding of "changed circumstances" and contends that the trial judge abused his discretion by modifying the original decree of divorce. We agree with the appellant and reverse.

The parties' marriage of 28 years was terminated by a divorce decree filed on July 24, 1969, in favor of the appellant. The decree awarded appellant:

". . . for alimony the sum of $1,150.00 per month payable on the 15th day of each and every month beginning on August 15, 1969, for so long as she shall live and remain unmarried."

In addition, the decree also incorporated within it a property settlement agreement executed by the parties which agreed to the alimony payment in the sum of $1,150 each month, and which fairly divided a portion of the community property between the parties. The remaining portion of the community property could not conveniently be divided at that time, primarily because of adverse tax implications, and was placed in a trust "for the mutual benefit" of the parties. The value of this trust property was estimated at $354,112.00. The trust agreement provided that it could be revoked by the parties at their option. At the suggestion of the appellee, this was done on March 26, 1970 by their execution of a formal written agreement to revoke the trust. The appellee testified that he received $216,776.00 of the trust property while the appellant received $137,336.42 of it. The appellee testified that the difference in the sum of the distributed trust *res* resulted from the fact that there would be no capital gains tax in the event of the sale of the appellant's share but that his share would be "100 per cent taxable" or really "25 per cent of the $216,000", and that the distribution had been essentially equal between the parties.

On April 28, 1970, just one month after the execution of the agreement revoking the trust and nine months after the filing of the decree, the appellee filed a petition in the Maricopa County Superior Court alleging a substantial change in the circumstances of the parties and praying for a modification of the decree of divorce eliminating appellant's alimony award. Following a trial on the issue, the trial court found that the "circumstances of the parties have materially changed" and entered judgment modifying the July 24, 1969 divorce decree eliminating alimony after June 15, 1970. Appellant appeals from this judgment and the denial of her motion for new trial.

The specific questions raised by appellant on appeal are the following:

"I. Did the husband's placement on inactive status with his law firm constitute a change in circumstances legally sufficient to justify modification of the alimony provisions of the divorce decree?

II. Did the revocation of the parties' trust agreement and subsequent distribution of trust assets constitute a change in circumstances legally sufficient to justify modification of the alimony provisions of the divorce decree?

III. Does the evidence support the court's findings that the wife's necessity for alimony has ceased and that her expenses have decreased; and, has there been a sufficient change in circumstances regarding these matters to justify the modification of the alimony provisions of the divorce decree?"

Many of the rules of law relating to the modification of a decree of divorce are set out in Nace v. Nace, 107 Ariz. 411, 489 P.2d 48 (1971) and include the following: That a trial court awarding alimony retains jurisdiction to modify the alimony award at any later time "as may be just under the circumstances" (A.R.S. § 25–321); that the criteria to be considered in determining whether to modify an alimony award in a decree of divorce,

". . . are the same as the criteria considered in making a determination as to the reasonableness of an award for support and maintenance at the time of the original decree, including the financial conditions and needs of the wife, the ability of the wife to produce a sufficient income for herself, and the ability of the husband to provide support for the wife. Norton v. Norton, supra [101 Ariz. 444, 420 P.2d 578 (1966)]. See

also Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963)." (107 Ariz. at 413, 489 P.2d at 50);

that the most important function of alimony is to provide support for the wife "as nearly as possible at the standard of living which she enjoyed during marriage, and thereby to prevent the wife's becoming dependent upon public support or relief"; that there must be a *"substantial"* change in the financial circumstances of the husband or wife; that the decision as to whether there has been a sufficient change in circumstances to modify an award of alimony lies within the sound discretion of the trial court and will not be interfered with unless it is abused.

 In addition to the foregoing, in Norton v. Norton, supra, our Supreme Court made clear that the change in circumstances justifying a modification of alimony must be a change of circumstance that had occurred since the entry of the original decree. It is at this point that the sufficiency of the evidence to support the trial court's determination of changed circumstances in the case at bar runs into difficulty. The great majority of the evidence presented by appellee related to facts and events that pre-dated the property settlement agreement and decree of divorce. When this evidence is disregarded, as it must be, there is little left to support a finding of a substantial change in circumstances justifying a modification of the decree. The burden of proving the changed circumstances, of course, is upon the party seeking modification.

In order to demonstrate our thinking in this regard, we turn first to the stated purpose of the property settlement agreement which reads:

"WHEREAS, the parties now desire to make and effect between them a full and complete settlement of all of their rights and duties, each to the other, and further to make a full and complete disposition of the community assets and assumption of community obligations as hereinafter set forth in this agreement;"

The agreement then goes on to distribute part of the community property to each of the parties, to establish a trust for the remaining community property, and to agree to alimony until appellant's remarriage, death, or appellee's death, in the sum of $1,150 per month.

 Turning now to appellant's first question concerning appellee's retirement, the evidence clearly showed that appellee's retirement plans began in 1966 and were almost completed when he executed the property settlement agreement in July 1969. The trial court's findings in this regard are as follows:

"1. The Court finds that the defendant's income has been substantially reduced as a result of his retirement at the direction of the partners of Lewis & Roca; that possibility of this retirement was made with plaintiff's consent in 1966, prior to the divorce of the parties and their separation; that the defendant's semi-inactive position commencing as of that date resulted in his formal retirement at the partner's election and a substantial reduction in his income."

Appellee testified that prior to the divorce he earned "$53,000, of which $7,000 was interest on my undrawn earnings." In the months following the divorce, the appellee testified that his estimated income would be $31,404.61, plus $1600 in expected stock dividends, or a total of $33,404.61, and that his net worth would be approximately $330,000 while his wife's net worth would be approximately $250,000.

In our opinion no substantially changed circumstances can be made out of the appellee's decrease in income because all of these facts were available to the parties at the time that they executed the property settlement agreement. The fact of retirement with its resultant decrease in income was certainly known to the parties at that time and, as the trial court correctly found, was known to them since 1966. In addition, appellee filed for modification just nine months after the decree was granted and at the trial he could only

estimate his expected decrease in income. This is speculative evidence at best and is not sufficient to sustain a finding of *substantial* changed circumstances. In Sheeley v. Sheeley, 10 Ariz.App. 318, 458 P.2d 522 (1969), we noted that a change in financial circumstances of the parties involved was one of the totality of circumstances which should be considered by the trial court in considering the modification of a divorce decree. The mere fact of reduction of income in and of itself is not a sufficient basis to justify modification of the decree. This is important in the instant case because the evidence does not support a contention that appellee is financially unable to pay the alimony agreed to in the property settlement agreement and awarded appellant in the decree.

■ Appellant next questions the finding for modification of the decree based on the termination of the trust and distribution of its assets to the parties—$137,336.42 to the appellant and $216,776.00 to the appellee. This was in our opinion error. Heretofore we set out in full the stated purpose of the property settlement agreement executed by the parties which was to "effect between them a full and complete settlement of all their rights" and to make "a full and complete disposition of the community assets". A major part of the agreement involved the trust property. When the parties agreed to revoke the trust and divide the property they were tenants in common dealing with their own property in the manner provided for by the property settlement agreement and incorporated into the decree of divorce. In our opinion there were no substantially changed circumstances resulting from this transaction as it was provided for by the parties in settlement of all their rights and complete disposition of the community assets predating the decree of divorce. Certainly the manner of their holding the property changed but this cannot be said to be a substantial change of circumstances in the sense of Nace, or Norton, supra.

■ The final question deals with the trial court's modification of the decree eliminating entirely appellant's alimony award. The trial court found that the appellant's current living expense needs were $800 per month. The appellee offered into evidence two exhibits which arithmetically calculated the appellant's "cash flow" (capitalization of her net worth of $250,000 at the rate of 7 per cent per annum would provide her living expenses plus enough money for state and federal income tax). This computation was in fact a "bootstrap" approach to the issue in that the net worth of the appellant was based entirely upon the property settlement distribution to appellant from which the appellee sought to establish a changed circumstances.

The appellant objected to the introduction of the exhibits into evidence on the basis that they were immaterial to the issue and the trial court incorrectly overruled the objection. The trial court then expressly relied upon the exhibits as justification for modifying the decree eliminating alimony. The court's finding was:

"3. The Court further finds that the trust executed by the parties at the time of the decree of divorce, and in which a substantial portion of the community property was deposited, has been dissolved by the mutual consent of the parties and the assets distributed; that as a consequence of the distribution at the time of the divorce and the distribution at the time of the termination of the trust, the plaintiff has assets available to her of approximately $250,000, which consist mainly of monthly payments on contracts; that the cash flow to plaintiff, as set forth in defendant's Exhibits 1 and 2, provides her with an annual income in excess of $800 per month after all State and Federal income taxes are paid; that as demonstrated by Exhibits 1 and 2, the plaintiff after fifteen years will have a larger estate than she has today."

In our opinion the two exhibits were not material to the issue of substantially changed circumstances and merely constitute a demonstration of financial events implicit in the property settlement agree-

ment and divorce decree. These matters were not subject to relitigation. Changed circumstances must be based upon events that have occurred since the date of the decree. *See* Norton v. Norton, supra.

For the reasons stated we hold that the trial judge abused his discretion and that the judgment modifying the decree is reversed and the original divorce decree is reinstated. The matter is remanded to the trial court for the purpose of awarding the appellant judgment for her alimony arrearage due her after June 15, 1970, at the rate of $1,150 per month to date together with her attorneys' fees.

HAIRE, C. J., Division 1, and JACOBSON, J., concur.