499 P.2d 732

**Bobby L. ALFORD, Appellant,**

v.

**Anita Jeanette ALFORD, Appellee.**

**No. I CA–CIV 1621.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 25, 1972.

Rehearing Denied Nov. 9, 1972.

Review Denied Dec. 5, 1972.

Cavness, DeRose, Senner & Rood by Marc C. Cavness, Phoenix, for appellant.

Renaud, Cook, Miller & Cordova, P. A. by Val A. Cordova, Phoenix, for appellee.

HAIRE, Chief Judge, Division 1.

On this appeal from the trial court's order modifying a divorce decree by increasing the appellant-father's child support obligation from $25 to $75 per month, appellant contends that there was no evidence showing a substantial change in circumstances occurring subsequent to the entry of the original divorce decree, so as to support the modification order. The appellee-mother contends that the evidence does show a sufficient change of circumstances to support the modification order, and that, in any event, under the peculiar circumstances of this case it was not necessary to show a substantial change of circumstances. The pertinent facts are as follows.

The mother filed a complaint for divorce in August of 1969 and after the father's default a decree of divorce was entered granting the mother custody of the parties' minor child. *No evidence was presented in the original proceedings* concerning the wages then being earned by either the father or the mother or the financial condition of the parties. Apparently pursuant to an oral arrangement between the parties, the original decree awarded substantially all of the parties' property [1] to the father, no alimony for the wife, and $25 per month child support to the mother.

---

1. The mother retained a limited joint tenancy interest in the residence, subject to the following disposition:
   "IT IS FURTHER ORDERED that plaintiff and defendant shall hold the following described property in Joint Tenancy, with right of survivorship. In the event said property is sold,

IT IS ORDERED that the proceeds of said sale shall be placed in a Trust to be used for the education, medical expense, and general welfare of the child, STEPHEN WILEY ALFORD; said trust to terminate when STEPHEN WILEY ALFORD shall reach the age of twenty-five (25) years."

Approximately one year later in August 1970, the mother filed a petition for modification of the original decree, seeking to further define the father's visitation rights and to increase his obligation for child support. Although there are some inconsistencies in the record, evidence submitted by way of the mother's affidavit attached to the petition for modification, and by oral testimony of the parties at the modification hearing, tended to establish that the mother was making approximately $560 per month take home pay both at the time of the entry of the original decree and at the time of the modification hearing. The father had a *gross* income of $10,005.03 for the year 1969, and his income had increased approximately $30 per month for the first eight months of 1970.

■ Prior to the time the original decree issued, the parties lived in the community home and the income of both was used to make payments thereon. After the divorce the mother apparently made all the payments, and also now pays $80 per month for babysitting expenses while she works. However, in view of the decree provisions, the mother must have known at the time of the original hearing that she would be making these house payments, and there is nothing to show that the babysitting expenses have increased or that their continuation was not anticipated at the time of the original hearing. The future realization of conditions which could be reasonably anticipated by the parties at the time of their initial agreement cannot be considered as evidence of changed circumstances justifying a modification of the initial decree. *See* Linton v. Linton, 17 Ariz.App. 560, 499 P.2d 174, (1972). Therefore, we do not consider the evidence relating to the babysitting and house payments as material for the purpose of showing changed circumstances.

■ Thus to this point in our recital of the evidence, the sum total indication of

a material change of circumstances is that the father now earns approximately $30 more per month than he did at the time of the original decree.

A.R.S. § 25–321 provides as follows:

"The court may from time to time after entry of final judgment, on petition of either party . . . amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require."

It will be noted that the only limitation which this statute imposes upon the court's continuing jurisdiction to "amend, change or alter" provisions of the judgment respecting the care, custody or maintenance of the children of the parties, is that the "circumstances of the parents and welfare of the children" require a change from the court's prior order. Of course, once a court has considered a given state of facts and has entered a judgment which in the court's opinion is required by the "circumstances of the parents and welfare of the children" based upon those facts, then the court's judgment must be given a *res judicata* effect, and cannot be modified except upon the showing of material factual changes. The problem in the case under consideration is that before entering the original default decree, the court did not receive or consider any evidence concerning the financial condition of the parties and the ability of the father to pay child support,[2] but rather, apparently entered the support order exactly as presented to him, based upon an oral arrangement between the parties. If this were an ordinary civil action, perhaps the trial judge's action would have been entirely proper even though based upon no factual evidence. However, because of society's predominant interest in the creation and maintenance of the marital status and the responsibilities imposed upon the dissolution thereof, the

2. The mother testified that no such evidence was offered, and on oral argument on this appeal, the father's counsel

stated that he "presumed" that no such evidence was presented.

trial court's duties extend over and beyond those involved in an ordinary civil action. Thus, A.R.S. § 25–317[3] requires that before the entry of a default judgment in a divorce action, "the judgment of the court shall be rendered upon full and satisfactory evidence sustaining all material allegations of the complaint." The Arizona Supreme Court has many times emphasized that the trial court's responsibilities relating to child custody and support cannot be preempted by private stipulations, agreements or arrangements between the parties. As stated in Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541 (1952);

"The custody of the children here involved was given to the appellee in the original decree in conformity with stipulation of the parties filed with the court. Subsequently upon stipulation of the parties their custody was awarded by the court to appellant. *The court would not have been justified in either case to award custody to either parent upon the stipulation alone but it had to be convinced that the best interests and general welfare of the minor children would be promoted by their association and training* of the parent in whose custody they were placed." 73 Ariz. at 275–276, 240 P.2d at 544. (Emphasis added).

*See also,* Anderson v. Anderson, 14 Ariz. App. 195, 481 P.2d 881 (1971).

At the *modification* hearing, the trial judge heard evidence concerning the financial condition of the parties, including the father's testimony that he now spends approximately $300 per month on entertainment, reviewed the file relating to the original decree, and concluded that in fact there had never been a true judicial hearing with evidence concerning the father's child support obligation. The trial judge then stated:

"THE COURT: Well, I don't think under all the circumstances this was a fair divorce decree as entered in the first place.

"It was obviously a default. The minute entry shows it was signed and settled and approved the same day. There were two witnesses, and one was a corroborating witness, so pretty obviously this was a case that the decree was prepared before the case was ever heard before the Commissioner. It was signed, so it is apparently legal; but under the circumstances of this case, I can't conceive of a person with a $10,000 gross annual income paying $300 a year, roughly, in child support.

"It's his child and so I'm going to grant the petition to modify. It's just a case of what amount it should be."

An order was thereafter entered increasing the father's child support obligation from $25 per month to $75 per month.

■ As urged by appellant, the showing of changed circumstances at the modification hearing was indeed minimal. However, in our opinion the "changed circumstances" rule does not come into play when in the original hearing the trial court has not had any evidence presented to it upon which it could determine the child support obligation required by the "circumstances of the parents and welfare of the children". For this reason the modification order entered by the trial court is affirmed. However, we emphasize that our opinion in this regard is based upon the *total* lack of evidence at the original hearing concerning the child support order. Ordinarily we would presume that the prior judgment was supported by evidence, and we certainly do not imply that prior orders which have become final may be attacked or questioned when evidence has been presented. Our decision here is limited to a situation involving a default hearing where the trial

3. A.R.S. § 25–317 reads as follows:
    "A. In an action for divorce the defendant shall not be compelled to answer upon oath, nor shall the complaint be taken as confessed for want of an answer, but the judgment of the court shall be rendered upon full and satis-factory evidence sustaining all material allegations of the complaint.
    "B. Either party may be a witness, but no divorce shall be granted upon the testimony or admissions of a party unless they are corroborated by other evidence."

**4**

court has totally failed to receive evidence upon which to base its support determination.

Affirmed.

EUBANK and JACOBSON, JJ., concur.