545 P.2d 425

Darwin R. HORNBAKER, Appellant,

v.

Mary A. HORNBAKER, Appellee.

No. I CA-CIV 2830.

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 13, 1976.

Rehearing Denied April 29, 1976.
Review Denied May 25, 1976.

Lewis & Roca, by David L. Grounds, Paul G. Ulrich, Phoenix, for appellant.

Derickson, Kemper & Henze, by James Hamilton Kemper, Phoenix, for appellee.

## OPINION

WREN, Judge.

The appellant, Darwin R. Hornbaker, brings this appeal from a judgment in Superior Court denying his requested modification of a decree of divorce. Specifically, the Petition for Modification sought to terminate an alimony award of $200 per month payable to appellee, Mary A. Hornbaker.

Appellee was granted a decree of absolute divorce from appellant on November 29, 1967. The divorce decree ordered division of the property pursuant to an agreement entered into by the parties in June, 1967. The decree further directed that appellant pay child support amounting to $65 per month for each of his three children; terminating when each became 21 years old. He was also ordered to pay alimony of $200 per month until and unless appellee remarried.

On February 15, 1973, appellant filed a petition seeking to modify the divorce decree by eliminating his obligation to pay alimony. Appellant alleged that there had been a substantial change in circumstances, in that appellee, who was not employed at the time of the divorce decree, was now

employed full time as a school teacher and was fully able to provide for her own support, negating the need and justification for alimony.

In his Findings of Fact and Conclusions of Law filed January 7, 1974, the Superior Court judge found that at the time of the divorce decree appellee had been working toward a Degree in Education and had been doing the required student teaching. In 1969, more than three years prior to the hearing on modification, appellee had become employed as a teacher and at the time of the hearing was earning a yearly salary of $9,250.

The court further found that at the time of the execution of the property settlement agreement and the entry of the divorce decree, both parties knew appellee was pursuing a degree in education and would probably become employed as a teacher upon completion of her degree. The court concluded that since these facts were known to the parties at the time of the decree and property settlement appellant failed to show substantially changed circumstances and therefore was not entitled to any modification of the divorce decree.

Upon a review of the evidence presented at the hearing on the modification petition, this Court is of the opinion that the trial court erred in its conclusion. Clearly, modification of an award of alimony may be allowed only after the party seeking modification demonstrates a substantial change in the financial circumstances of either the husband *or* the wife. *Nace v. Nace*, 107 Ariz. 411, 489 P.2d 48 (1971). While the mere fact of securing employment is not in and of itself sufficient grounds for modification, this is one of the factors to be considered along with such things as the debts, obligations and expenses of the spouse receiving alimony, employment-related expenses, the security of the employment and that spouse's savings or reserves for contingencies. *Norton v. Norton*, 101 Ariz. 444, 420 P.2d 578 (1966).

In the instant case, the evidence at the modification hearing showed that appellee had been employed as a full-time school teacher for three and one-half years and had attained tenure, owned her home free and clear, had only one of her three children still dependent on her, was in good health and had no major outstanding medical bills or charge accounts. As a matter of law, such evidence demonstrated a substantial change in appellee's circumstances since the entry of the divorce decree in 1967.

The fact that both parties knew appellee would probably enter teaching after completion of her education degree does not place this case in the same category as *Linton v. Linton*, 17 Ariz.App. 560, 499 P. 2d 174 (1972). There this Court held that the trial court's finding of changed circumstances was erroneous because the evidence related to facts and events which pre-dated the divorce. A change of circumstances must occur subsequent to the entry of the divorce decree to be relevant evidence for a modification. The instant case is distinguishable from *Linton* because, although the parties may have known appellee would probably enter teaching prior to the divorce decree, they could not know about many of the circumstances shown at the hearing. For example, the parties did not know appellee would be able to find employment as a teacher, or if she could successfully make the transition to full-time teaching after finding a teaching position, or the amount of her salary from such employment. Her attainment of the status of a tenured teacher with the concomitant job security was also unknowable at the time of the divorce decree. Her freedom from major debts and obligations was not contemplated prior to the decree. All these factors occurring subsequent to the decree showed a substantial change in circumstances.

Having found a substantial change in circumstances to allow a petition for modification to be entertained, this matter must now be remanded for the trial judge, in

the exercise of his discretion, to decide whether the change is sufficient to justify modification of the obligation to pay alimony. *Nace v. Nace*, supra. We therefore reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

JACOBSON, P. J., and HAIRE, Chief Judge, Division 1, concurring.