640 P.2d 202

**Julia Marie JORGENSEN, Petitioner/Appellant,**

v.

**James H. JORGENSEN, Respondent/Appellee.**

No. 2 CA–CIV 3974.

Court of Appeals of Arizona, Division 2.

Dec. 11, 1981.

Rehearing Denied Jan. 20, 1982.

Review Denied Feb. 2, 1982.

---

Mary E. White and John K. White, Tucson, for petitioner/appellant.

Lieberthal & Kashman, P. C. by David Ramage-White and David H. Lieberthal, Tucson, for respondent/appellee.

## OPINION

BIRDSALL, Judge.

In this appeal we must determine whether the trial court abused its discretion in modifying a decree of dissolution to terminate appellee's child support obligation.

The parties' marriage was dissolved by a decree entered May 26, 1978. A separation agreement executed by the parties was incorporated in the decree. Under the terms of the agreement, appellee was to provide $200 per month for the support of each of the parties' two children, and $200 per month for the support of appellant, who was then a student at the University of Arizona. The $200 payments for support of the couple's male child were to terminate when the boy later took up residence with appellee. The $200 payments for support of the female child, Melinda, were to increase to $300 per month after the girl's twelfth birthday. Payments for appellant's support were to terminate December 31, 1980, or when she remarried or graduated from the University, whichever occurred first.

By October 22, 1980, the parties' son had moved in with appellee, appellant had both graduated and remarried, and Melinda was nine years old. On that date, appellee filed a petition for modification of the dissolution decree, alleging that a substantial and continuing change of circumstances had occurred, and requesting termination of his remaining obligation to pay for Melinda's support.

The evidence presented at the modification hearing revealed three major changes in the relative circumstances of the parties:

1) appellee had voluntarily incurred a large number of debts,

2) appellant was remarried and her husband's income was at least equivalent to appellee's, and

3) appellant, who had been an unemployed university student when the marriage was dissolved, had found employment at an annual salary of over $19,000. The first and second of these changes were not substantial and continuing changes which would justify a reduction or termination of appellee's child support obligation. A parent obligated to pay child support may not avoid that obligation by voluntarily incurring debts that reduce the ability to pay, since the ability to pay such support must be determined by viewing the child support obligation as a primary obligation superior to all other financial obligations. A.R.S. § 12–2451C; Cf. *Patterson v. Patterson*, 102 Ariz. 410, 432 P.2d 143 (1967) (former spouse obligated to pay alimony may not avoid that duty by voluntary conduct reducing ability to pay). The financial ability of appellant's new husband was not relevant because he was under no obligation to support the children of the parties. *Beck v. Jaeger*, 124 Ariz. 316, 604 P.2d 18 (App. 1979).

 The evidence, therefore, revealed only one change which might be considered a substantial and continuing change of circumstances—appellant's new income. Appellant argues that this change also should not have been considered by the trial court because it was within the contemplation of the parties at the time of the separation agreement. *See Alford v. Alford*, 18 Ariz. App. 1, 499 P.2d 732 (1972) overruled on other grounds, *In Re Marriage of Rowe*, 117 Ariz. 474, 573 P.2d 874 (1978); *Linton v. Linton*, 17 Ariz.App. 560, 499 P.2d 174 (1972). Those cases, however, were cases where the evidence showed that the parties had not only contemplated that a change would occur, but had also possessed facts from which they could make an accurate estimate of how much the financial change would be. In this case, there was evidence from which the trial court could have found

that appellant's new income, though contemplated as a possibility by the parties, was not capable of accurate estimation at the time of the agreement. The alternative conditions subsequent which would terminate appellee's spousal maintenance obligation, for instance, are evidence that even appellant's graduation from college was not considered a certainty by the parties. In addition, although there was testimony that appellee had believed appellant's future employment prospects to be "pretty good" if she graduated, the parties could not have been certain that she would find employment, especially at a salary of over $19,000 per year after only five months on the job. We find, therefore, that the trial court did not abuse its discretion in finding, as it must have, that appellant's new income was not within the contemplation of the parties at the time of their separation agreement. *See Hornbaker v. Hornbaker*, 25 Ariz.App. 577, 545 P.2d 425 (1976).

 That determination does not end the inquiry. An increase in the income of the custodial parent, even an increase that is substantial, continuing, and unforeseen, does not necessarily call for reduction or termination of the child support obligation of the non-custodial parent. Such an increase, by itself, does not diminish the non-custodial parent's duty to provide for the support of the child. *Beddoes v. Beddoes*, 155 Colo. 115, 393 P.2d 1 (1964); *Holbrook v. Holbrook*, 116 Utah 114, 208 P.2d 1113 (1949); *See also* Annot. 89 A.L.R.2d 7, § 37 (1963). The increase should be considered, however, when it appears that the non-custodial parent is currently bearing the greater share of the child support burden because the custodial parent was unable to share equally in the burden when the current obligation was fixed. *See Holesinger v. Holesinger*, 252 Iowa 374, 107 N.W.2d 247 (1961). This is most obviously the case if the custodial parent had no income when the current obligation was fixed. Thus in *Jarvis v. Jarvis*, 27 Ariz.App. 266, 553 P.2d 1251 (1976), Division One of this court affirmed a trial court's reduction of the father's support obligation where the mother

had been unemployed at the time of the divorce, but had since obtained employment.

*Jarvis* is controlling here. Appellant was unemployed when the parties' marriage was dissolved, and appellee therefore assumed the entire burden of supporting both children. At the time of the modification hearing, he was still completely supporting one of the children and was providing a major portion of the support needs of the other, even though a substantial and continuing change in appellant's financial ability made it unnecessary for appellee to continue bearing a disproportionate share of the support burden. The court therefore modified the decree so that appellant is supporting one child while appellee is supporting the other. The eminent fairness of this result makes it impossible to find an abuse of discretion.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.