699 P.2d 398

**William L. CHANEY, Petitioner-Appellant,**

v.

**Evelyn CHANEY, Respondent-Appellee.**

**No. 1 CA–CIV 7824.**

Court of Appeals of Arizona, Division 1, Department D.

April 25, 1985.

Friedl & Richter by Joseph C. Richter, Phoenix, for petitioner-appellant.

Osborn & Associates, Ltd. by Roy Osborn, Phoenix, for respondent-appellee.

Evelyn Chaney, in pro per.

## OPINION

HAIRE, Judge.

This is an appeal from the trial court's denial of a petition for modification of the spousal maintenance provisions of a divorce decree. William Chaney (husband) sought modification of the award of $450 per month spousal maintenance to Evelyn Chaney (wife).

The parties were granted a dissolution of their marriage on July 31, 1980. At the time of the decree, the husband was employed as a postal clerk, earning approximately $1200 per month and drawing a military pension of $550 per month. The decree ordered division of the property, including his military retirement and the civil service retirement he would receive upon retiring from the post office, awarding approximately half of each to the wife. The decree also awarded the wife $450 per month spousal maintenance.

Approximately three years later, on July 11, 1983, the husband filed a petition seeking relief from the award of spousal maintenance alleging that his retirement from the post office and resultant reduction in income constituted a substantial change in circumstances justifying modification of the maintenance award. After a hearing, the trial court found that the husband's income, consisting solely of his interest in both his civil service and military retirements and his social security, totalled only $876 per month. It concluded, however, that because the parties knew at the time of the decree that he would be retiring in a few years and living off a reduced retirement income, the change was not material under *Linton v. Linton,* 17 Ariz.App. 560, 499 P.2d 174 (1972). The trial court stated: "Where, as here, the change in circumstances relied upon by the party seeking to modify the spousal maintenance was within the party's contemplation at the time of the decree, no relief is available since the change is not a *material* change in circumstances." Upon review of the evidence, we find that the trial court misapplied *Linton.*

Clearly, modification of an award of spousal maintenance may be allowed only after the party seeking relief demonstrates a substantial change in the financial circumstances of either the husband or wife. *Scott v. Scott,* 121 Ariz. 492, 591 P.2d 980 (1979); *Nace v. Nace,* 107 Ariz. 411, 489 P.2d 48 (1971). This change of circumstances must occur after the entry of the original decree in order to be material. *Linton.*

In considering the principles set forth in *Linton,* it is important to note that the spousal maintenance award in that case resulted from a property settlement agreement which provided for the disposition of the community property of the parties and for the payment of spousal maintenance to the wife in the sum set forth in the decree. The husband then sought modification of the award of maintenance only nine months after the decree had been issued. This court held that the trial court's finding of a substantial change of circumstances was erroneous because most of the evidence presented by the husband in support of his petition related to facts and events that predated the decree. The husband had

been planning retirement for some three years prior to the entry of the divorce decree, knew exactly when he would retire and what his retirement income would be. Both parties knew all the facts surrounding his impending retirement and structured the property settlement agreement which included the spousal maintenance provisions with these facts in mind. Thus, *Linton* is essentially based upon the principle that the court will look with disfavor upon a party who attempts to evade contractually agreed upon spousal maintenance responsibilities by asserting a change of circumstances when the parties originally made their agreement with such changes in mind.

All of the subsequent decisions which have discussed the *Linton* rationale have involved situations in which the support or maintenance obligation sought to be changed was initially established by agreement of the parties. *See Jorgensen v. Jorgensen*, 131 Ariz. 271, 640 P.2d 202 (App. 1981) (modification allowed because subsequent change in income found not within the contemplation of the parties at the time of their separation agreement); *Scott*, 121 Ariz. 492, 591 P.2d 980, (modification denied because the husband knew of and contemplated the claimed changes at the time of the parties' agreement); *Hornbaker v. Hornbaker*, 25 Ariz.App. 577, 545 P.2d 425 (1976) (trial court's denial of husband's 1973 application for modification of a 1967 decree reversed because parties at time of agreement in 1967 could not have known of changed circumstances with sufficient particularity to justify application of *Linton*); *Alford v. Alford*, 18 Ariz.App. 1, 499 P.2d 732 (1972) (summarizing *Linton* rationale: "The future realization of conditions which could be reasonably anticipated by the parties at the time of their initial agreement cannot be considered as evidence of changed circumstances justifying a modification of the initial decree." 18 Ariz.App. at 2, 499 P.2d 732).

In contrast to the facts involved in *Linton* and the above-cited decisions, there was no property settlement agreement or any other agreement pursuant to which the husband in this case agreed to pay spousal maintenance to the wife. The obligation to pay spousal maintenance and the amount thereof was imposed on the husband by the court after a trial on these issues. Therefore, the appropriate inquiry is to determine whether the initial decree precludes the subsequently requested modification.

■ Looking at the terms of the decree, there is a provision requiring the husband to "pay the sum of $450 per month as spousal maintenance ... until the respondent dies or remarries." The use of this language indicates merely that the trial judge intended that the spousal maintenance obligation be permanent in nature pursuant to A.R.S. § 25–327(B), rather than for a limited duration as permitted by A.R.S. § 25–319(B). Of course, even a permanent spousal maintenance award is subject to modification "upon a showing of changed circumstances which are substantial and continuing." *See* A.R.S. § 25–327(A). Although the decree does refer to the husband's interest in the Civil Service Retirement System resulting from his postal employment, the only discernible purpose of this reference is to make a distribution to the wife of her property interest in said benefits, to be paid to her at such time in the future as the benefits would be paid to the husband.

In summary, we find nothing in the record to indicate that at the time of the entry of the original decree the trial judge intended to preclude the husband from petitioning for a modification of spousal maintenance at such time as he might retire or otherwise incur a substantial lessening of income.

■ Notwithstanding that both parties realized that the husband would probably retire in the next three or four years, they could only speculate as to precisely when he would retire, and what the exact amounts of his benefits would be. In fact, because such evidence would have been speculative, it would have been improper for the trial judge to have considered it as a basis for reducing the initial award of

spousal maintenance. *Scott*, 121 Ariz. 492, 591 P.2d 980; *Jorgensen*, 131 Ariz. 271, 640 P.2d 202. As is apparent from the Arizona Supreme Court's opinion in *In Re Marriage of Rowe*, 117 Ariz. 474, 573 P.2d 874 (1978), what may occur three years in the future affecting employment is pure speculation and should not be considered in establishing the present rights of the parties relating to spousal maintenance. Rather, the proper procedure is for the affected party to wait until that future time, and if the expected change occurs, then petition for modification. *Rowe*, 117 Ariz. at 476, 573 P.2d 874. This is sensible, since many long-range expectations are never realized. Accordingly, courts will not ordinarily look very far into the future to discover a probable decrease in income, but rather will delay consideration of the question until it is presented by an appropriate motion after the change has occurred. See authorities cited, 18 A.L.R.2d 10, at 40.

In a minute entry order denying the husband's motion for reconsideration the trial court states as an additional reason for denying the husband's petition for modification, that the husband failed to prove that his retirement was involuntary. We agree with the husband that under the circumstances of this case his petition for modification cannot be denied on the ground that his retirement was "voluntary." The evidence shows that the husband was 65 years of age and he stated that he had numerous health conditions affecting his ability to work. Additionally, it is abundantly clear from the record that his retirement was in good faith, contemplated by the parties for at least three years prior thereto, and was not taken in bad faith for the purpose of reducing the husband's obligation to pay spousal maintenance to the wife. Therefore, *Patterson v. Patterson*, 102 Ariz. 410, 432 P.2d 143 (1967) furnishes no authority for the trial court's finding in this case. *See Boniface v. Boniface*, 179 Ark. 738, 17 S.W.2d 897 (1929); *Toney v. Toney*, 213 Iowa 398, 239 N.W. 21 (1931); *Rose v. Rose*, 305 Ky. 565, 205 S.W.2d 154 (1947); *Andrews v. Andrews*, 144 Or. 200, 24 P.2d 332 (1933).

We find ample post-decree evidence in the record of a substantial change in circumstances. The husband in good faith retired in 1983, and became reliant for the majority of his income on his pensions, nearly half of which were being paid directly to the wife as her separate property. Obviously, this worked a substantial change both in his own financial condition and ability to pay spousal maintenance, and in the wife's financial condition and need for maintenance. The trial court's refusal to find a substantial change in circumstances was an abuse of its discretion.

Having found that the record requires a finding of a substantial change in circumstances, we remand this matter to the trial court to determine the effect of the change on the husband's obligation to pay spousal maintenance. The wife's petition for attorney's fees on appeal is denied.

MEYERSON, P.J., and GRANT, J., concur.