NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

UDOAMAKA OBIEKEA,
*Petitioner/Appellant*,

*v.*

KELLY OBIEKEA,
*Respondent/Appellee*.

No. 1 CA-CV 21-0051 FC
FILED 12-16-2021

Appeal from the Superior Court in Maricopa County
No.  FC2018-097002
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Udoamaka E. Obiekea, Phoenix
*Petitioner/Appellant*

Sobampo Law Firm, PLLC
By F. Javier Sobampo
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Chief Judge Kent E. Cattani and Judge Maurice Portley joined.[1]

---

**T H U M M A,** Judge:

¶1        Udoamaka Obiekea challenges the denial of his January 2020 post-decree petition, which sought to modify spousal maintenance and child support. Because Udoamaka has shown no error, the order denying his petition is affirmed.

## FACTS[2] AND PROCEDURAL HISTORY

¶2        Udoamaka and Kelly Obiekea were married in 2000 and share three children. Udoamaka petitioned for dissolution of the marriage in December 2018, alleging domestic violence. After a contested trial, the court entered the decree of dissolution in September 2019, finding Udoamaka had engaged in significant acts of domestic violence against Kelly and the children. The decree awarded Kelly sole legal decision-making authority with the children to live with her, limiting Udoamaka's parenting time to limited supervised contact, which was later expanded. The court ordered Udoamaka to pay Kelly spousal maintenance of $2,000 per month for 60 months and, as later corrected, $1,014 per month in child support.

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2] This court views the evidence in the light most favorable to upholding the superior court's factual findings. *Powers v. Taser Int'l Inc.*, 217 Ariz. 398, 399 ¶ 4 n.1 (App. 2007).

¶3            In January 2020, four months after entry of the decree, Udoamaka filed a petition to modify spousal maintenance and child support. Udoamaka claimed his spousal maintenance payments should be "stopped," and his child support payments changed, because his "court assessed income has decreased by over 50%. This is because my former employer went out of business and I am currently working for Lyft as a driver." Kelly countered that Udoamaka was hiding assets, had transferred his business to his brother and was "blatantly lying to the Court and attempting to mislead the Court to believe that he does not make any money and that he is 'unemployed.'"

¶4            After an evidentiary hearing, the court denied Udoamaka's petition in December 2020. In doing so, the court found Udoamaka's testimony was not credible, adding "[t]here is no documentation that [his] business . . . is no longer operating" and he had provided no financial records after March 2020. Concluding Udoamaka "has not met his burden of proof to demonstrate [a] substantial and continuing change of circumstances from the" September 2019 decree, the court denied the petition. The court also found Udoamaka had failed to pay child support and spousal maintenance of nearly $30,000 and ordered him to pay those arrearages "immediately."

¶5            This court has jurisdiction over Udoamaka's timely appeal of the order denying his petition pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(2) (2021).[3] *See also Yee v. Yee*, 251 Ariz. 71, 72 ¶ 1 (App. 2021).

## DISCUSSION

### I.    The Superior Court Did Not Err In Denying Udoamaka's Petition.

¶6            Udoamaka argues the superior court abused its discretion in denying his petition because he showed a substantial and continuing change both in his and in Kelly's circumstances, also arguing the awards in the decree were excessive.[4] Absent a clearly erroneous finding, this court

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[4] Udoamaka did not timely appeal from the decree, the time to do so has passed and, as a result, this court lacks appellate jurisdiction over any

accepts the superior court's findings of fact, *Engstrom v. McCarthy*, 243 Ariz. 469, 471 ¶ 4 (App. 2018), also deferring to that court for its credibility assessments, *Fermiano v. Maust*, 248 Ariz. 613, 615 ¶ 9 (App. 2020).

### A. Udoamaka Did Not Show a Substantial and Continuing Change in His Circumstances.

¶7          As applicable here, "the provisions of any decree respecting maintenance or support may be modified or terminated only on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A); *accord* A.R.S. § 25-503(E). As the party seeking modification, Udoamaka had the burden of proving the substantial and continuing changed circumstances. *McClendon v. McClendon*, 243 Ariz. 399, 401 ¶ 8 (App. 2017).

¶8          Udoamaka argues that the superior court erred in not finding that the closure of his business, Maricopa Transportation Services (MTS), was a significant and continuing change. Udoamaka maintains that MTS suffered extreme losses due to several factors and closed in January 2020. He points to evidence received by the court that MTS lost the ability to operate as a non-emergency medical transporter; that only two of its seven vehicles remained operational; that those two vehicles did not have the necessary insurance required to comply with government-sanctioned contracts and that MTS was, in substance, no longer operational. The superior court, however, also received conflicting evidence. Among other things, Kelly introduced evidence that after the entry of the decree, Udoamaka had shifted MTS into a different business (Allstate Transportation) under his brother's name.

¶9          After considering the conflicting evidence, the court found Udoamaka's testimony was not credible. Udoamaka presented evidence that showed MTS was operating at a loss, but the court found that "[t]his claim is not credible given the large sums of money that were deposited each month prior to the dissolution." The court also found that Udoamaka "was still running the business although it was in [his] brother's name . . . [h]e admitted that Maricopa and Allstate were the same company." The court also found that Udoamaka had failed to provide necessary documentation for several of his claims. On this trial record, and recognizing the deference this court appropriately owes to credibility

challenges to the decree. *See, e.g.,* A.R.S. § 12-2101(A)(1); ARCAP 9(a); *Yee,* 251 Ariz. at 75-76 ¶¶ 8-11 (citing authority).

determinations by the superior court, Udoamaka has not shown that court abused its discretion in concluding he failed to show a substantial and continuing change in his circumstances. *McClendon*, 243 Ariz. at 401 ¶ 8.

**¶10** Nor has Udoamaka shown that the superior court improperly weighed the conflicting evidence. Udoamaka offered evidence that he received unemployment compensation and drove for Lyft from December 2019 to March 2020. The court cited to this evidence, but further noted that "the only records relating to Allstate's finances end in March, 2020," a particularly significant gap given that the evidentiary hearing was held in December 2020. Accordingly, Udoamaka has not shown that the court erred in concluding he failed to meet his burden to show a substantial and continuing change in his circumstances. *In re Marriage of Yuro*, 192 Ariz. 568, 570 (App. 1998) (noting, on appeal, the evidence is viewed "in the light most favorable to sustaining the trial court's findings").

**¶11** Udoamaka cites *Chaney v. Chaney*, 145 Ariz. 23 (App. 1985), as support for his modification argument, arguing that his "cessation of business" equates to the husband's retirement in *Chaney*, which was found to be a change in circumstance warranting a modification of spousal maintenance. Not so. Here, the superior court found that Udoamaka transferred his business into his brother's name, which refutes his claim of "involuntary retirement of the affairs of the operation." *Cf. Chaney*, 145 Ariz. at 28 ("under the circumstances of this case [husband's] petition for modification cannot be denied on the ground that his retirement was 'voluntary,'" noting husband was 65 years old, with "numerous health conditions affecting his ability to work," the parties had contemplated his retirement "for at least three years" before and it "was not taken in bad faith for the purpose of reducing the husband's obligation to pay spousal maintenance").

**¶12** In sum, Udoamaka has not shown that the superior court failed to properly consider the evidence, erred in assessing that evidence or erred in concluding that he had not met his burden of proof to show a substantial and continuing change of his circumstances. Thus, the court did not err in denying his petition on that ground.

**B.      Udoamaka Did Not Show a Substantial and Continuing Change In Kelly's Circumstances.**

¶13      Udoamaka argues that Kelly's increase in monthly income from her two part-time jobs properly demonstrated a substantial and continuing change in circumstances supporting his petition. Relying on *Scott v. Scott*, 121 Ariz. 492, 495-96 (1979), Udoamaka asserts that the changed circumstances of a former spouse who is not paying maintenance or support are material in determining whether a substantial and continuing change in circumstances is shown. *Scott* repeated, however, that a determination as to the sufficiency of changed circumstances is a matter within the sound discretion of the trial court.  *Id.* at 495.

¶14      Udoamaka's petition did not claim a substantial and continuing change in Kelly's circumstances; the only change he claimed was an allegation that his own income decreased. By failing to allege such a change, he cannot now assert on appeal that the superior court improperly failed to find such a change. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994).

¶15      Apart from waiver, although the superior court found that, at the time of the December 2020 evidentiary hearing, Kelly was working two part-time jobs and earning between $2,500 and $2,700 per month, that fact did not mean Udoamaka's payment obligations would end. Udoamaka has not shown that the court was compelled to find the income increase was substantial and continuing, especially given Udoamaka's failure to pay spousal maintenance and child support. *See Scott*, 121 Ariz. at 496 ("We hold that it was not an abuse of discretion for the trial court to find, for whichever reason, that [wife's] lower monthly expenses were not tantamount to a substantial change in circumstances, which merited a reduction of the support payments that she receives from" husband).

**II.      Kelly is Awarded Her Reasonable Attorneys' Fees and Costs Incurred on Appeal.**

¶16      Kelly requests taxable costs and reasonable attorneys' fees incurred on appeal. By statute, this court may award "a reasonable amount" of attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken." A.R.S. § 25-324(A). In December 2020, the superior court found a disparity of income, with Udoamaka earning more than Kelly, but the court added it "would not characterize this disparity as substantial." That finding is not challenged by either party on appeal. Having considered the positions the

parties have taken on appeal and in the court's discretion, Kelly's request for an award of reasonable attorneys' fees incurred on appeal is granted, contingent upon her compliance with ARCAP 21. Kelly also is awarded her taxable costs on appeal, contingent upon her compliance with ARCAP 21.

## CONCLUSION

¶17     The denial of Udoamaka's petition is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:     AA