498 P.2d 532

**Donna Jean PLATT, Appellant,**

v.

**Carl Roger PLATT, Appellee.**

**No. I CA–CIV 1733.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 29, 1972.

Rehearing Denied Aug. 24, 1972.

Review Denied Oct. 17, 1972.

Burch, Cracchiolo, Levie, Guyer & Weyl by Daniel Cracchiolo, and Herbert Mallamo, Phoenix, for appellant.

Shimmel, Hill & Bishop, P. C. by James B. Rolle III, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal from an order made in an order-to-show-cause hearing reducing support payments to two minor children from $30.00 per child per week to $20.00 per child per week. Appellant is the former wife of appellee who is the father of the children.

The issues we are called upon to determine are whether the trial court correctly applied the law, and whether the factual situation has changed since the original decree to such an extent that it supports the order made by the trial court.

We have carefully gone over the record and are unable to find any erroneous application of the law. As to the facts, appellee has put on a strong case. A number of income tax statements and other figures on income and expense have been introduced and there is no real dispute as to the figures.

The appeal presents the difficult situation of a mother with two minor children, working to the hilt to maintain herself and the children in their station in life, and any loss of the full support payments creates a heavy burden on her. On the other hand, the facts are such that this Court

has no alternative but to affirm the appeal as fully supported by the evidence.

We briefly set forth some of the facts to show the change of circumstances giving rise to the order of modification. The parties were divorced in 1968. At the time of the original decree appellee was paying his parents $30.00 per week for his living expenses, in return for which he received room, board, washing and ironing. At the present time he is not living with his parents and is paying rent and other necessary living expenses which he did not have before. It would serve no purpose to set forth an itemization of these expenses which are considerably higher than the $30.00 per week he paid his parents. Suffice to say, appellee is living very moderately. In addition, he has added car expense and is in need of much dental work. On the income side, appellee's income as a sheet metal worker fell considerably due to a strike in 1970 and the general state of unemployment in this particular industry. In certain weeks he worked only a couple of hours, some other weeks a 35-hour week, and had only one 40-hour week in the six-month period preceding the hearing. Again, itemization would serve no purpose. Full-time employment in the sheet metal industry was not foreseeable in the future. Appellee also made an effort to work at other jobs.

Since the decree, the evidence shows on appellant's side that she has, albeit through long hours of work, increased her earnings in excess of $2000 per year; that she has sold her home and purchased one less expensive to run; and that she has acquired personal property. Because of her long hours of work which necessitates extra pay for a babysitter, her expenses are greater in this area, but when all the figures of income and expense are considered, it does not affect the situation. Again, itemiza-

tion of the foregoing would serve no purpose. It should be pointed out, however, that appellant should not be expected to keep up her present pace of long hours of work so as to relieve appellee of his obligation to support his minor children.

Appellant argues that the trial court abused its discretion in ordering the modification. If a proper change of circumstances is proven, the trial court has the jurisdiction to order modification of support orders in the exercise of its sound judicial discretion. For an abuse of discretion to exist, the record must be devoid of competent evidence to support the decision. Fought v. Fought, 94 Ariz. 187, 382 P.2d 667 (1963).

The evidence is clear in showing there is a change of circumstances on the part of both parties. Appellee's living expenses are understandably substantially higher and his earnings are substantially lower, also understandable due to poor conditions of employment in the sheet metal industry. We are cognizant that a reduction in salary alone does not necessarily justify a reduction in support payments. In this case, however, the reduction becomes significant when the totality of the circumstances is considered. See Sheeley v. Sheeley, 10 Ariz.App. 318, 458 P.2d 522 (1969). Appellee's decrease of income, coupled with his efforts to do other work, and his increase in living expenses, all of which are reasonable, balanced with the facts of appellant's increase of income and the acquisition of a new home less expensive to maintain, fully justifies the decrease in support payments ordered by the trial court. We are unable to find any abuse of discretion.

Affirmed.

STEVENS, P. J., and CASE, J., concur.