Lavina Evans **AUERBACH,** Plaintiff and Respondent,

v.

Frederick Fox **AUERBACH,** Defendant and Appellant.

No. 15030.

Supreme Court of Utah.

Nov. 9, 1977.

Ted D. Smith, M. Byron Fisher, Salt Lake City, for defendant and appellant.

B. L. Dart, Jr., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Appellant appeals from a lower court ruling denying his petition for a reduction of alimony. We affirm. No costs awarded.

The parties involved in this case were divorced in 1965 under a decree which incorporated the terms of a property settlement entered into in 1964. This decree requires appellant to pay alimony of $3,051.47 per month. Although his income is larger now than at the time of the divorce, he has incurred substantial debt liabilities which he claims makes it impossible for him to pay the stipulated alimony. These debts were voluntarily incurred and

were not related to appellant's principal business of retail marketing. They stem largely from unprofitable real estate and mining ventures and from guarantees of loans to others.

Appellant's income in 1965, the year of the divorce, was approximately $110,000, and in 1976 was estimated to be at least $120,000.00. His debts total over $570,000.00 and other contingent liabilities could add much more. On these facts he seeks a reduction of alimony to $1,000.00 per month.

Generally, the parties to a divorce decree are bound by the terms of the original decree. However, under Section 30–3–5, U.C.A. 1953, the decree can be modified when circumstances warrant. It is generally recognized that in order to obtain a modification, the moving party must prove a material change of circumstances.[1]

Also in *Sorensen*, supra, we stated: "Where the modification is sought by the husband, ordinarily, it should be shown that he has not caused or contributed to the existence of the grounds for which modification is sought." The trial court relied on this language to hold appellant's debts could not be considered as proof of a material change of circumstances, since they were voluntarily incurred. The appeal is taken to this narrow ruling.

▮ Appellant argues that an exception to this language should be granted in this case since his debts were incurred in a good faith attempt to increase his net worth and not to avoid alimony payments. We agree that voluntarily incurred debts may be grounds for modifying an alimony decree if they were incurred in a good faith attempt to meet alimony obligations or to maintain a decent standard of living. For example, if appellant had been forced to enter these transactions in hopes of maintaining his business or income we would have a different situation.[2]

Entering into speculative financial dealings on a large scale when not required to is not a good faith effort to meet obligations, however. Here appellant's income has gradually risen since the decree while his alimony obligation has remained steady. His income from his employment and from various family trusts has at all times been assured and sufficient to meet his alimony payments and provide a comfortable standard of living for himself. He voluntarily entered these ventures knowing of the risk. He should not now in effect ask respondent to help subsidize his unprofitable investments. It would be unfair to require respondent to suffer the consequences of appellant's losses, particularly in view of the general rule that she would not be entitled to share in the fruits had the investments been successful.[3]

▮ Appellant also contends the trial court erred in refusing to allow a real estate expert to testify as to the increased value of respondent's home as evidence of a change of circumstances. He relies on *Sorensen*, supra, where we stated: "The fact that the wife owns property which has increased substantially in value or ability to produce income after entry of the decree for alimony is an important consideration . . . ." Appellant's reliance on this language is misplaced. While a rise in the value of investment or income producing property may be relevant, the same does not hold true for a residence. Respondent requires a place to live as much now as she did when the decree was entered. Any rise in the value of her home does nothing to assist in supporting her. In addition, it was reasonable for the parties to foresee that the retail value of the home might change in time. Forcing respondent to accept lower alimony because of the increased market value of her home might eventually require her to sell the home to compensate for the

1. *Sorensen v. Sorensen*, 20 Utah 2d 360, 438 P.2d 180, 181 (1968) and cases cited therein.

2. *Daniels v. Daniels*, 147 Mont. 57, 409 P.2d 824 (1966).

3. *Sheeley v. Sheeley*, 10 Ariz.App. 318, 458 P.2d 522, and the cases cited therein.

reduced alimony. Such a result is hardly just.

ELLETT, C. J., and CROCKETT, WILKINS, and HALL, JJ., concur.