NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

KENNETH SENTER, III, *Petitioner/Appellant/Cross-Appellee*,

*v.*

KRIS ANN SENTER, *Respondent/Appellee/Cross-Appellant*.

No. 1 CA-CV 15-0464 FC
FILED 7-28-16

Appeal from the Superior Court in Mohave County
No. B8015DO200904052
The Honorable Richard Weiss, Judge

**AFFIRMED**

COUNSEL

Knochel Law Offices, Bullhead City
By Keith S. Knochel, Aline Kara Knochel, Joshua C. Smith
*Counsel for Petitioner/Appellant/Cross-Appellee*

Berkshire Law Office, PLLC, Phoenix
By Keith Berkshire, Maxwell Mahoney
*Counsel for Respondent/Appellee/Cross-Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

¶1 Kenneth Senter, III ("Husband") appeals the superior court's order modifying his spousal maintenance obligation and awarding Kris Ann Senter ("Wife") attorney's fees. Wife cross-appeals the order deviating from the statutory presumptive effective date. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 The parties married in 1985. They informally separated in late 2007, and Husband filed a petition for dissolution in 2009. The superior court dissolved the marriage following a July 2012 trial. The court found that Wife had a consistent employment history and was physically able to work, and Husband had (1) the ability to meet his needs and provide a modest contribution for Wife's benefit and (2) comparatively more financial resources and earning ability than Wife. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-319(B).[1] The court thus ordered Husband to pay Wife $1,000 per month in spousal maintenance for 36 months.

¶3 Wife filed a petition to modify spousal maintenance in January 2014, alleging she lost her job shortly after entry of the decree and had been unsuccessful in obtaining full-time employment. She requested a modification to $4,000 per month for an indefinite period. After a three-day evidentiary hearing held over the course of approximately six months, the superior court confirmed the original spousal maintenance award through May 30, 2015 (33 of the original 36 months) and ordered Husband to pay spousal maintenance of $3,200 per month for 63 months beginning June 1, 2015. The court also awarded Wife $4,000 in attorney's fees "[i]n consideration of the relative financial conditions of the parties."

¶4 Husband appealed, and Wife cross-appealed.

---

[1] Absent material revisions after the relevant date, we cite a statute's current version.

**DISCUSSION**

## I.     Modification of Spousal Maintenance.

¶5          Husband argues the superior court erred by (1) determining there was a substantial and continuing change in circumstances warranting modification and (2) increasing the award.

¶6          A spousal maintenance award may be modified "only on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A).  "The burden of proving changed circumstances is on the party seeking modification."  *Scott v. Scott*, 121 Ariz. 492, 494 (1979). "The changed circumstances alleged must be proved by a comparison with the circumstances existing at dissolution."  *Richards v. Richards*, 137 Ariz. 225, 226 (App. 1983).

¶7          We review the superior court's decision regarding the existence of changed circumstances and its award of spousal maintenance for an abuse of discretion. *Van Dyke v. Steinle*, 183 Ariz. 268, 273 (App. 1995); *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983).  We will not set aside the court's findings of fact unless they are clearly erroneous. Ariz. R. Civ. P. 52(a); *In re Marriage of Berger*, 140 Ariz. at 161.  But we will find an abuse of discretion if the court committed an error of law in reaching a discretionary conclusion. *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012).  We review conclusions of law de novo.  *Alley v. Stevens*, 209 Ariz. 426, 428, ¶ 6 (App. 2004).

### A.     Substantial and Continuing Change in Circumstances.

¶8          At the modification hearing, Wife testified about losing her job and her unsuccessful job search.  She also testified about a back injury she suffered in a March 2011 car accident, which caused her to be off work and on disability from June 2011 through the spring of 2012.  She explained that she had not disclosed this injury during the dissolution proceedings because she had returned to work by the time of trial and was "trying to move on."  Her physical condition progressively worsened, however, culminating in surgery in October 2015.  Wife's doctor advised that rehabilitation would likely take about a year, but Wife had not discussed with the doctor when she would be able to return to work.  The superior court found "that there is a change in circumstance due to the unresolved back injury of [Wife] which required surgery to correct and that [affected] employability."

**¶9**        Husband argues that res judicata precluded Wife from introducing evidence of her preexisting back injury not presented at the time of dissolution. *See In re Marriage of Rowe*, 117 Ariz. 474, 475 (1978). But Wife's petition was not based on her pre-decree back injury; instead, it was based on changed circumstances relating to her injury and to her employability. Husband suggests this distinction is irrelevant, urging Wife's inability to work due to the injury was foreseeable and could have been litigated during the dissolution proceedings. We have held, however, that possible future circumstances are generally speculative and "should not be considered in establishing the present rights of the parties relating to spousal maintenance." *Chaney v. Chaney*, 145 Ariz. 23, 27 (App. 1985) (citing *In re Marriage of Rowe*, 117 Ariz. at 476). "[C]ourts will not ordinarily look very far into the future to discover a probable decrease in income, but rather will delay consideration of the question until it is presented by an appropriate motion after the change has occurred." *Id.*; *see also Richards*, 137 Ariz. at 226 (spousal maintenance calculation cannot be based on anticipation of a spouse's future income).

**¶10**        Husband asserts that Wife did not present sufficient evidence to support the family court's finding of changed circumstances because she only produced a single medical record establishing her back injury and no records establishing her disability. *See Jenkins v. Jenkins*, 215 Ariz. 35, 39, ¶ 16 (App. 2007) ("The individual seeking modification has the burden of establishing changed circumstances with competent evidence."). But Wife testified regarding the injury, and we defer to the family court's opportunity to judge witness credibility. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶11**        Husband further suggests he was unable to challenge evidence of Wife's disability because she waited until the day of the hearing to disclose it. But Husband did not ask the superior court for a continuance to conduct allegedly necessary discovery. Moreover, the hearing was continued twice over the next six months, and Husband does not explain why he could not have conducted discovery during that time or called rebuttal witnesses when the hearing resumed.

**¶12**        Husband also argues that under *Sheeley v. Sheeley*, 10 Ariz. App. 318, 321 (1969), modification of spousal maintenance was not justified because Wife only established at most a "subjective change of circumstances." In *Sheeley*, however, the wife's medical diagnosis and treatments remained the same pre- and post-decree. *Id.* at 319–20. In contrast, here, Wife testified about a progressively worsening back injury and its effect on her efforts to find employment. The court did not abuse its

discretion by finding that Wife met her burden of showing changed circumstances.

## B.    Amount of Spousal Maintenance.

**¶13**        When Husband testified about his post-decree income, he referred to a $60,000 bonus he received in June 2012 when his employer was purchased by another company.  Although he had testified about the acquisition during trial in July 2012, he did not disclose this bonus or that there were two more bonuses to be earned contingent on his continued employment with the company.  Husband stayed with the company and received a $60,000 bonus in both 2014 and 2015.

**¶14**        The superior court found Husband received a bonus of $180,000, paid in $60,000 increments over three years, "for an event that occurred prior to the entry of the Decree."  The court found Husband's nondisclosure of this evidence during the dissolution proceedings to be "trial by ambush and quite possibly a fraud upon the Court":

> [T]his information was critical to the Court making the initial determination of any spousal maintenance award to [Wife]. . . . Because of this lack of information the Court at paragraph 11(d) found only [Husband] "has the ability to meet his needs and provide a <u>modest contribution</u> for the benefit of [Wife]." Further, paragraph 11(e) stated [Husband] has "comparatively more financial resources and earning ability." Had the Court known of the $180,000.00 in bonuses . . . the Court would have made significantly different findings including, but not limited to, the ability of [Husband] to pay above modest to a significant monthly maintenance award.

(Emphasis in original.)

**¶15**        Preliminarily, Husband argues that under *Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 19 (App. 2007), he was not required to disclose evidence of the bonus incentive program because "[t]he pretrial statement controls the subsequent course of the litigation[,]" and he did not learn of the program until after the joint pretrial statement was filed.  In *Leathers*, however, this court reversed the superior court's allocation of a life insurance policy because the policy was not raised as a contested issue in the joint pretrial statement and was not mentioned in either party's written closing arguments.  *Id.*  Here, unlike in *Leathers*, the award of spousal maintenance was squarely raised as a contested issue in the joint pretrial statement (which necessarily implicated the factors relevant to that award,

including Husband's income), and Husband had a continuing duty to disclose "year-to-date income information for the current calendar year," including bonuses. *See* Ariz. R. Fam. Law P. 49(I) (noting a "continuing duty" to disclose and that "additional or amended disclosures shall be made not more than thirty (30) days after the information is revealed to or discovered by the disclosing party").

**¶16**     Husband further argues that, even assuming evidence of his bonuses should have been presented, the court should only have considered the bonus he received pre-decree, because a spouse is not entitled to share in an ex-spouse's future accumulations of wealth. But, in light of the court's finding of a substantial and continuing change in Wife's circumstances, Husband's receipt of the bonuses was relevant to his ability to meet his needs. *See* A.R.S. § 25-319(B)(4). Because the evidence supports the superior court's decision to modify the award of spousal maintenance, the court did not abuse its discretion by doing so.

## II.     Attorney's Fees.

**¶17**     Husband argues that the superior court erred by awarding attorney's fees to Wife because it did not consider "the financial resources of both parties *and* the reasonableness of the positions each party has taken throughout the proceedings." *See* A.R.S. § 25-324(A) (emphasis added). We review an award of attorney's fees for an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36 (App. 2011); *see also Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004).

**¶18**     Husband did not request findings of fact; therefore, the superior court was not required to make specific findings as to the basis for the fee award. *Myrick v. Maloney*, 235 Ariz. 491, 494–95, ¶ 10 (App. 2014) (citation omitted); *see also* A.R.S. § 25-324(A). When there is no request for findings and the superior court does not make specific findings, we assume the court found every fact necessary to support its ruling, and we will affirm if any reasonable construction of the evidence justifies the decision. *Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13 (App. 2001).

**¶19**     Furthermore, although A.R.S. § 25–324 lists "reasonableness" as a factor for the court to consider when determining whether to award attorney's fees, a fee applicant does not need to show "both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award." *Magee*, 206 Ariz. at 591 n.1, ¶ 8. Income disparity may support an award of attorney's fees even when the opposing party's position has been reasonable. *In re Marriage of Pownall*, 197 Ariz. at

583, ¶ 29; *see also Ringar v. Ringar*, 231 Ariz. 85, 90, ¶ 23 (App. 2012) (affirming fee award based on financial disparity). The superior court's finding with regard to the financial disparity between the parties was supported by the evidence, and its decision to award Wife her attorney's fees accordingly was not an abuse of discretion.

## III.    Effective Date of Modification.

**¶20**        Wife argues in her cross-appeal that the superior court erred by making the modification effective on June 1, 2015 instead of March 1, 2014. We review the ruling on a petition for modification for an abuse of discretion. *In re Marriage of Priessman*, 228 Ariz. 336, 340, ¶ 12 (App. 2011).

**¶21**        A modified support order is "effective on the first day of the month following notice of the petition for modification . . . unless the court, for good cause shown, orders the change to become effective at a different date but not earlier than the date of filing the petition for modification." A.R.S. § 25–327(A). Wife filed the petition to modify on January 31, 2014, and Husband was served on February 7, 2014. Accordingly, the presumptive effective date for the modified support order, absent good cause, was March 1, 2014.

**¶22**        The superior court did not make an express finding of good cause to deviate from the presumptive effective date. However, such a finding is necessarily implicit in the court's decision to make the modification effective on June 1, 2015. Absent a request for express findings, we may infer additional findings necessary to the judgment as long as they "do not conflict with express findings and are reasonably supported by the evidence." *Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984).

**¶23**        Here, the court could reasonably have considered the substantial change in amount of maintenance awarded and the 17-month delay from the date of filing the petition and the issuance of the modification decision, as well as the fact that Husband remained in compliance with the support order in effect (and that Husband was not the cause of Wife's need for modification). Under the circumstances, the record supports the superior court's decision to deviate from the presumptive effective date, and we therefore affirm.

## CONCLUSION

**¶24**        Based on the foregoing, we affirm the superior court's decision. Both parties request an award of attorney's fees on appeal

pursuant to A.R.S. § 25-324.  After considering the financial resources of the parties and the reasonableness of their positions throughout the proceedings, and in an exercise of our discretion, we decline to award fees or costs on appeal.

