NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

VERONICA B. WOODWARD, *Petitioner/Appellee,*

*v.*

TIMOTHY G. WOODWARD, *Respondent/Appellant.*

No. 1 CA-CV 19-0626 FC
FILED 6-2-2020

Appeal from the Superior Court in Maricopa County
No.     FC2010-000789
FC2010-090409
(Consolidated)
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Donaldson Steward, P.C., Chandler
By Heather N. Peláez
*Counsel for Petitioner/Appellee*

Jaburg & Wilk, P.C., Phoenix
By Kathi Mann Sandweiss
*Co-Counsel for Respondent/Appellant*

Law Offices of Mathew S. Schultz, P.C., Tempe
By Mathew S. Schultz
*Co-Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Timothy Woodward ("Husband") appeals from the superior court's order modifying the spousal-maintenance award to Veronica Woodward ("Wife"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Wife petitioned for the dissolution of the couple's twenty-year marriage in February 2010. Before the trial, Husband moved to compel disclosure and requested sanctions—asking that the court preclude Wife from using evidence at trial she had not disclosed during discovery. The court granted the motions, stating Wife "shall not be allowed to use as evidence at trial or hearing the information not disclosed to [Husband] and his attorney." Thereafter, Husband moved to preclude Wife from testifying or submitting evidence to support a spousal-maintenance award. The court excluded Wife's witness and documents but allowed her to testify regarding maintenance.

**¶3**　　　　After the trial, in January 2011, the court issued a "Decree of Dissolution of Marriage" ("Decree") that included an award of spousal maintenance with findings as listed in Arizona Revised Statutes ("A.R.S.") section 25-319. The court found:

> Wife worked from home during the marriage as a freelance graphic artist. Wife attributes her inability to work outside the home to health problems, including depression, anxiety, and

diabetes. But she has provided no medical records or opinion
or evidence from medical providers *to indicate she cannot work
full time or work outside the home*.

(Emphasis added.) Further, the Decree provided Husband was "able to
meet his own needs and at least some of Wife's needs as well." The court
expected him to maintain his current level of income of "approximately
$97,827 per year." The court also found Wife had "not worked outside the
home during the marriage, but . . . should at least be able to earn the
equivalent of minimum wage." Further, the court found Wife had "a
Bachelor's degree and experience in her field," and did "not need additional
training or education to find appropriate employment." The court then
ordered Husband to pay Wife $1500 per month for 96 months, beginning
February 1, 2011.

¶4            In October 2018, Wife petitioned to modify spousal
maintenance, arguing that a substantial and continuing change in
circumstances had occurred since the time of the Decree because Husband's
income had increased substantially, and her health had deteriorated.
Specifically, Wife alleged that at the time of the Decree, she had
"depression, anxiety, and diabetes," and that since that time, her challenges
had increased in frequency and severity. She also developed "agoraphobia,
a panic disorder, ulcerative colitis, gastric ulcers, hiatal hernia, urinary
frequency, hypoglycemia, arthritis, uncontrollable heart rhythm
disturbances, and insomnia." Based on her deteriorating health, Wife
asserted that she should no longer be attributed income. Husband
contested Wife's allegations, arguing his income had not substantially or
continually changed, and Wife's purportedly new health conditions
predated the Decree.

¶5            The court held an evidentiary hearing, where Wife presented
evidence that she could not work, including her testimony, testimony of Dr.
Mary Oakley, and various exhibits. Husband presented evidence of his
income during the years 2010 to 2018. After the hearing, the court issued an
order ("2019 order") finding Wife demonstrated a substantial and
continuing change in circumstances and extended the spousal maintenance
award through January 31, 2029, based on "Wife's inability to obtain
employment and Husband's substantial increase in income." Specifically,
the court used the prior finding that Wife could work as the "circumstance"
that was the "baseline" upon which it assessed changes, stating "to
demonstrate a change in circumstances exists at present, [Wife] must
demonstrate that there has been a change in her ability to work and support
herself at present as compared to the prior trial court's finding that she was

able to work and earn her own income." Finding Dr. Oakley's testimony credible, the court found Wife could not obtain employment at the time of the 2019 order, and therefore her circumstances were "different from what the trial court found them to be." The court also found Husband earned substantially more income in 2019 than found by the court in the Decree.

**¶6**        Husband moved to amend the 2019 order, arguing the court should deny Wife's petition to modify spousal maintenance. The court dismissed the motion. Husband appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶7**        Husband argues the court erred as a matter of law by: (1) failing to apply *res judicata* to Wife's claims, (2) refusing to bind Wife to her prior attorney's actions, and (3) modifying spousal maintenance based only on Husband's purported increase in income. Husband argues, alternatively, that the court abused its discretion by finding a substantial and continuing change in circumstances sufficient to modify spousal maintenance.

**¶8**        We review questions of law, such as application of *res judicata* and statutory interpretation, *de novo*. *A. Miner Contracting, Inc. v. Toho-Tolani County Imp. Dist.*, 233 Ariz. 249, 253, ¶ 11 (App. 2013). However, we review the superior court's ruling of the sufficiency of changed circumstances for abuse of discretion. *Scott v. Scott*, 121 Ariz. 492, 495 (1979); *McClendon v. McClendon*, 243 Ariz. 399, 401, ¶ 8 (App. 2017). We defer to the court's factual findings when any reasonable evidence supports them. *Roberts v. Malott*, 80 Ariz. 66, 68 (1956); *Bobrow v. Bobrow*, 241 Ariz. 592, 595–97, ¶¶ 11, 20 (App. 2017) (deferring to the court's factual findings unless they are clearly erroneous or unsupported by substantial evidence).

## A.    *Res Judicata* is Inapplicable.

**¶9**        *Res judicata* "preclude[s] a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action." *Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 7 (1999). We do not apply the doctrine rigidly if it contravenes public policy or results in manifest injustice. *In re Marriage of Gibbs*, 227 Ariz. 403, 407, ¶ 8 (App. 2011).

**¶10** *Res judicata* prevents modification of a spousal-maintenance award based on facts that could have been raised at a previous hearing. *In re Marriage of Rowe*, 117 Ariz. 474, 475 (1978); *McClendon*, 243 Ariz. at 402-03, ¶ 15. However, the doctrine of *res judicata* does not prevent a person from introducing evidence showing a change of circumstances since the dissolution. A.R.S. § 25-327(A); *Rowe*, 117 Ariz. at 475–76; *McClendon*, 243 Ariz. at 403, ¶ 16 (the moving party has the "burden to prove changed circumstances arising after" the last order). "Otherwise, a person could never satisfy the prerequisites needed to modify a support order, as set forth in A.R.S. § 25-327." *Rowe*, 117 Ariz. at 476.

**¶11** Thus, although *res judicata* would have prevented Wife from presenting evidence to challenge the finding in the Decree that she could work for minimum wage at the time of the Decree, it did not prevent her from producing evidence arising after the Decree to show that she currently cannot work. Likewise, Wife could present evidence to prove that Husband's income had increased after the Decree. Therefore, the court did not err as a matter of law by failing to apply *res judicata*.

**B.** **The Court Correctly Applied the Laws of Agency to Wife's Original Attorney's Conduct.**

**¶12** Contrary to Husband's arguments, whether Wife's or her attorney's conduct led the original superior court to determine Wife could work for minimum wage is irrelevant because that court's determination that Wife could work constituted the evidence from which Wife had to show circumstances had changed. The court correctly compared the circumstances found in the Decree with those presented at the time of the 2019 order.

**C.** **We Find *Sheeley* Inapplicable Because the Court Did Not Consider Husband's Income Alone in Making its Determination.**

**¶13** In *Sheeley v. Sheeley,* this court noted that when determining whether to modify a spousal-maintenance order, a court "is governed by the same factors as are required in determining the reasonableness of an award for . . . maintenance at the time of the original decree and in determining these questions [it] should consider any change in the circumstances of the parties since the original decree." 10 Ariz. App. 318, 320 (1969). A change in the financial circumstances of the parties is "one of the totality of circumstances which should be considered by the trial court in considering a modification of a divorce decree." *Id.* at 321. However, an increase in the earning capacity of one spouse, *standing alone*, is not

sufficient to modify spousal maintenance. *Id.*; *Linton v. Linton,* 17 Ariz. App. 560, 563–64 (1972) ("The mere fact of reduction of income in and of itself is not a sufficient basis to justify modification of the decree."); *Platt v. Platt*, 17 Ariz. App. 458, 459 (1972) (change in income "becomes significant when the totality of the circumstances is considered").

**¶14** Here, the court factored into its decision not only evidence of Husband's purported increased income, but also evidence showing Wife could not obtain employment. Because we hold the court's finding of substantial and continuing changed circumstances regarding Wife's ability to obtain employment was supported by substantial evidence, the court did not err by then considering Husband's increased income.

**D. The Court Did Not Abuse Its Discretion by Finding a Substantial Change of Circumstances Sufficient to Modify Spousal Maintenance.**

**¶15** The party seeking modification under A.R.S. § 25-327(A) has the burden of proving changed circumstances that are substantial and continuing. *Scott*, 121 Ariz. at 494. The moving party must prove circumstances have sufficiently changed by a comparison with either the circumstances existing at dissolution, *MacMillan v. Schwartz*, 226 Ariz. 584, 588, ¶ 12 (App. 2011), or, if the court has modified the original decree, the circumstances existing at the issuance of "the latest court order," *McClendon*, 243 at 402, ¶ 10.

**¶16** Here, reasonable evidence supported the court's finding that substantial and continuing changed circumstances occurred from the time of the dissolution to the time of the 2019 order. The court found two substantial and continuing changes: (1) while the Decree found Wife could work and earn an income, Wife could not obtain employment at the time of the 2019 order, and (2) Husband's income increased by nearly $33,000. Reasonable evidence supported the court's first finding of substantial and continuing change because Wife presented evidence of the circumstances at the time of the dissolution (the Decree finding she could work for minimum wage), and evidence showing that she could not obtain employment at the time of the 2019 order (Wife's testimony and testimony from Dr. Oakley who opined Wife could not work).

**¶17** Further, reasonable evidence supported the court's second finding. The Decree finding was that Husband's level of income was $97,827 per year. At the modification evidentiary hearing, the court admitted into evidence Husband's W-2 statements and tax returns,

showing Husband's income during the years 2010 to 2018 fluctuated between $113,706.00 and $132,925.00. Because reasonable evidence supported the court's finding that substantial and continuing changed circumstances existed based on Wife's change in the ability to work and Husband's increase in income, we conclude that the court did not abuse its discretion by modifying the spousal-maintenance award.

## ATTORNEY'S FEES AND COSTS

¶18        Both parties request an award of attorney's fees and costs on appeal. *See* A.R.S. § 25-324. We decline to award Husband his fees. We award Wife her reasonable attorney's fees and costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶19        We affirm the superior court's judgment.



AMY M. WOOD • Clerk of the Court
FILED:    AA