NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

PAUL ANTHONY SCHLUETER, *Petitioner/Appellee*,

*v.*

THERESA ROSE HASKELL, *Respondent/Appellant*.

No. 1 CA-CV 13-0565
FILED 10-21-2014

Appeal from the Superior Court in Maricopa County
No.  FC2009-007211
The Honorable Erin O'Brien Otis, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Padish & Wells, PLLC, Scottsdale
By Kellie N. Wells
*Counsel for Petitioner/Appellee*

Law Offices of John R. Zarzynski, Phoenix
By John R. Zarzynski
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

**¶1** Respondent/Appellant Theresa Rose Haskell ("Mother") appeals the family court's modification of the child support obligation owed by Petitioner/Appellee Paul Anthony Schlueter ("Father"). For the following reasons, we reverse the family court's modified child support order and remand for further proceedings consistent with this decision.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2** Mother and Father divorced in 2010. Because they have one child together, the decree of dissolution was accompanied by a child support worksheet detailing the parties' finances. The worksheet showed that Father's monthly adjusted gross income was $12,936, and Mother's adjusted gross income was $5400. The worksheet further reflected that Father's child support obligation under the Arizona Child Support Guidelines, Arizona Revised Statutes ("A.R.S.") section 25-320 (Supp. 2013)[1] ("Guidelines") would be satisfied by paying child care costs and medical expenses, as well as an additional $71 per month.[2] However, the parties decided to deviate upward from the Guidelines and Father agreed to pay $870, rather than $71 per month until the child was eighteen years old or graduated from high school. The record does not reflect how or why this amount was selected and the request to deviate accompanying the worksheet stated only that "it [is] appropriate to deviate from the [G]uidelines given the equal time sharing arrangement with the minor

---

[1] We cite to the current versions of statutes when no changes material to this decision have since occurred.

[2] The 2010 worksheet contained in the record on appeal is unsigned. Neither party disputes the validity of the worksheet or the accuracy of the amounts contained therein, nor otherwise challenges the document. The family court took judicial notice of the 2010 worksheet to resolve the instant matter.

child." The decree of dissolution adopted the stipulation.[3] The decree also incorporated the parties' property settlement agreement and Father was ordered to pay a non-modifiable spousal maintenance obligation in the amount of $1500 per month for twenty-four months.

¶3 In February 2013, Father petitioned for a modification of child support requesting that his $870 monthly child support obligation be reduced. Father represented that he was no longer willing to pay an amount beyond what is required under the Guidelines, and that modification was appropriate because application of the Guidelines to the parties' current financial situation would result in a child support amount of approximately $354. Father's adjusted monthly gross income increased by nearly $2000, from $12,936 in 2010 to $14,840 in 2013.[4] Meanwhile, Mother's 2013 adjusted monthly gross income decreased from $5400 in 2010 to $4100 in 2013, a difference of $1300 per month. In addition, expenses for child care and health insurance, which were $680 and $120 per month, respectively, in 2010, and attributable to Father in 2010, decreased by nearly $600, to $195 and $40, respectively, in 2013. As a result of this, the parties' combined total child support obligation decreased from $2294 to $1892.

¶4 At the June 2013 evidentiary hearing, Mother asserted that because Father previously "agree[d] to [$]870" he had "to show why he should be relieved of that obligation." Mother also argued that the factors "support[] an increase above [$]870," because Father's "income has actually increased," and he is "in a better position to pay the deviated amount than he was" originally. Mother maintained that any modification decreasing Father's obligation was inappropriate.

¶5 The family court granted a modification of the child support order. Specifically, as challenged here, the court applied the Guidelines without deviation and ordered Father to pay $419 per month starting April 2013. The court found that the modification was appropriate based on

---

[3] The decree stated that either the family court had taken all the testimony needed to enter the decree or testimony was not needed to enter the decree.

[4] Although in his amended petition Father reported that his monthly gross income was $13,566 and his adjusted monthly gross income was $13,266, the family court found that Father's monthly gross income was $17,037 and his adjusted monthly gross income was nearly $14,840. The parties have not disputed the accuracy of these findings in the family court nor on appeal.

substantial and continuing changes in circumstances because: (1) the application of the Guidelines resulted in an order that varied at least 15% from the previous order, (2) Father satisfied spousal maintenance obligations, and (3) Father no longer agreed to the 2010 upwardly deviated child support obligation.

¶6            Mother timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A) (Supp. 2013).

## DISCUSSION

¶7            Family court decisions regarding child support are reviewed for an abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420 ¶ 7, 79 P.3d 667, 669 (App. 2003). An abuse of discretion occurs either when the court misapplies the law in reaching its decision or "when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999); *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 23, 97 P.3d 876, 881 (App. 2004). We can infer the findings necessary to uphold the court's order and may affirm if the court is correct for any reason supported by the record. *Forszt v. Rodriguez*, 212 Ariz. 263, 265, ¶ 9, 130 P.3d 538, 540 (App. 2006); *Baker v. Baker*, 183 Ariz. 70, 72, 900 P.2d 764, 766 (App. 1995).

## I.     Original Order: Upward Deviation from the Guidelines

¶8            The Arizona Supreme Court is required to adopt and maintain the Guidelines "for determining the amount of child support." A.R.S. § 25-320(D).[5] The Guidelines dictate the amount of child support in every case without limitation: "the amount [of child support] resulting from application of these [G]uidelines shall be the amount of child support ordered." Guidelines § 3; *see also* A.R.S. § 25-320(D). If however, an "application of the [G]uidelines would be inappropriate or unjust in a particular case, the court shall deviate from the [G]uidelines in accordance

---

[5] The Guidelines are designed "to assist the trial courts in applying the factors set forth in the statute. . . . [and] are not a source of law, but [rather] a source of guidance to the trial courts in the application of the law embodied in the statutes and recorded cases." *Gallegos v. Gallegos*, 174 Ariz. 18, 21, 846 P.2d 831, 834 (App. 1992) (internal quotation marks and citation omitted).

with Section 20 [of the Guidelines]" and may deviate, upon the parties' agreement, assuming compliance with Section 20(A) and (B). Guidelines §§ 3, 20(B); *see also* A.R.S § 25-320(D) (stating deviation requires written finding that application of Guidelines is unjust or inappropriate).[6]

**¶9**          Here, the original decree included a child support order that significantly deviated Father's obligation upward from the Guidelines. The decree is the order to which we look to begin our analysis. *See supra* footnote 2.

## II.     Substantial and Continuing Changed Circumstances Warranting Modification

**¶10**          An order for child support may be modified only upon a showing of a substantial and continuing change in circumstances. A.R.S. §§ 25-327(A), -503(E) (Supp. 2013); *Little*, 193 Ariz. at 521, ¶ 6, 975 P.2d at 111. The occurrence of the change must be from the time of the original decree or effective modified order. *See Linton v. Linton*, 17 Ariz. App. 560, 565, 499 P.2d 174, 179 (1972). Whether a change occurred is a question of fact. *Schroeder v. Schroeder*, 161 Ariz. 316, 323, 778 P.2d 1212, 1219 (1989). Because he is seeking modification, Father has "the burden of establishing changed circumstances with competent evidence," *Jenkins v. Jenkins*, 215 Ariz. 35, 39, ¶ 16, 156 P.3d 1140, 1144 (App. 2007).

**¶11**          Here the parties utilized what the Guidelines refer to as a "simplified procedure" wherein either parent "may request the court to modify a child support order if application of the [G]uidelines results in an order that varies 15% or more from the *existing amount*." Guidelines § 24(B) (emphasis added). "A fifteen percent variation in the amount of the order will be considered evidence of substantial and continuing change of

---

[6] The relevant statutory factors for deviating from the Guidelines include: (1) the financial resources and needs of the child; (2) the financial resources and needs of the custodial parent; (3) the standard of living the child would have enjoyed had the marriage not been dissolved; (4) the physical and emotional condition of the child, and the child's educational needs; (5) the financial resources and needs of the noncustodial parent; (6) the medical support plan for the child; (7) excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common; and (8) the duration of parenting time and related expenses. A.R.S. § 25-320(D)(1)-(8).

circumstances." *Id.* Here a deviated amount was originally ordered in the parties' 2010 divorce decree, and an application of the Guidelines now, based on the reduced child care and medical insurance premium expenses reflects more than a 15% change in support. Therefore, as the parties agreed at oral argument before this Court, the family court correctly found substantial and continuing changed circumstances based on a 15% variation in the existing order and the modified order applying the Guidelines.[7]

**¶12** Mother argues, however, that no possible modification is triggered if all the changed circumstances establish that Father is better able to pay the original amount of support. We disagree. A paying parent's ability to pay support is only one factor a court considers to determine the amount of support under the Guidelines. Our conclusion about modification does not mean, however, that a 15% change is sufficient by itself in all cases to trigger a modification. Guidelines § 24(B) merely provides that the 15% variation is evidence of substantial and continuing changed circumstances. The family court retains discretion to determine from all the circumstances whether there are substantial and continuing changed circumstances to justify a modification and if so, whether the Guideline-calculated modification is just and appropriate.

---

[7] Because the 15% change is sufficient in and of itself to allow modification, we need not address the other purportedly-changed circumstances on which the family court relied. On remand, however, the court should consider these changed circumstances in the appropriate context. The end of Father's spousal maintenance payments after 24 months, for example, was not only anticipated at the time of the original decree, but was in fact ordered by the original decree. *See, e.g., Schroeder*, 161 Ariz. at 322, 778 P.2d at 1218 (tying sufficiency of change in circumstances to "events subsequent to the decree" that are "unanticipated at the time of the decree").

Additionally, Father's unilateral decision that he no longer wants to pay the previously agreed-upon deviated amount must be considered in the context of the overall dissolution decree. An initial agreement to an upward deviation in a child support obligation that was just one part of an overall financial settlement (balanced by, for instance, property division and spousal maintenance) may carry a different weight than an agreement to an upward deviation that was purely charitable. Similarly, the propriety of releasing the parties from the previously agreed-upon child support amount may also depend on the recipient's ongoing reliance (if any) on that earlier agreement.

### III. Whether the Child Support Amount Based on the Guidelines was Just and Appropriate

¶13 Mother asserts that any modification decreasing Father's obligation was inappropriate. She argues that the original deviation was in the child's best interests and that the family court abused its discretion by not receiving any evidence related to best interests in support of the current modification. We agree that given the unique circumstances in this case, the family court should have inquired further into whether the amount based on the Guidelines was just and appropriate.

¶14 In the 2010 decree approving the upwardly-deviated amount, the family court impliedly found that such an increased amount was necessary because an application of the Guidelines would be unjust or inappropriate, a requisite for deviation. Thus, the 2010 deviated child support order is implicitly and presumptively just and appropriate.

¶15 Because the upwardly deviated amount was ordered only two years prior to Father's modification request and Mother argued the modification was inappropriate, the court should have considered the effect of the proposed modification on the child's best interests before ordering a modification. *See Little*, 193 Ariz. at 523, ¶ 14, 975 P.2d at 113 (stating family court "retain[s] discretion to consider the nature of the changes and the reasons for the changes" to "determine whether, under all the circumstances, a modification is warranted") (internal quotation marks and citation omitted). Such a consideration would have included the A.R.S. § 25-320(D)(1)-(8) factors, the 2010 deviated support order and the fact that two years after the decree, Father no longer desired to pay the amount of support he had agreed to pay for approximately fourteen years, and whether Mother had relied on the previously-agreed upon amount in making decisions regarding the child. Here, however, the record is devoid of any evidence that a decrease of that amount by approximately half or $400 a month was just and appropriate considering the factors in A.R.S. § 25-320(D)(1)-(8). Therefore, we determine the court erred by modifying the original upwardly-deviated order in the absence of evidence to establish that the lower amount based on the Guidelines is now just and appropriate.

¶16 Thus, we reverse the family court's modified child support order, and remand so the court may consider evidence of the child's best interests to determine whether modification is warranted by all the circumstances, and if it is, whether deviation from the Guidelines is appropriate. *See* Guidelines §§ 3, 20(A).

## IV.     Attorneys' Fees and Costs on Appeal

**¶17**          Based on the relative financial resources of the parties, we award Mother's request for attorneys' fees upon timely compliance with Arizona Rules of Civil Appellate Procedure 21(c).  A.R.S. § 25-324 (Supp. 2013).  We also award her taxable costs on appeal. We decline to award Father's requested attorneys' fees and costs on appeal.

## CONCLUSION

**¶18**          For the reasons stated, we reverse the family court's modified child support order and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh