McMURDIE, Judge:
¶ 1 Natalya Birnstihl ("Mother") appeals from the superior court's order dismissing her petition to modify child support. We hold under the Arizona Child Support Guidelines, Arizona Revised Statutes ("A.R.S.") section 25-320 app. ("Guidelines"), if a parent requesting a modification of child support under the simplified procedure presents a colorable claim that application of the Guidelines results in a fifteen percent variation from the current child support order, claim preclusion does not prevent a superior court from addressing the request on the merits. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL BACKGROUND
¶ 2 Mother and Damian Birnstihl ("Father") divorced in 2011. They have four children in common. In the divorce decree, the superior court awarded Mother and Father joint legal decision-making and equal parenting time of their two younger children. However, the court awarded Mother sole legal decision-making of their two older children, with no parenting time awarded to Father. Consistent with the Guidelines, the superior court ordered Father to pay Mother $1850 per month in child support.
¶ 3 In April 2016, Father petitioned to modify child support ("April 2016 petition") under the Guidelines § 24(B) (Simplified Procedure), seeking a downward modification of his child support obligation to $939.62 per month due to: (1) the oldest child's emancipation; (2) Father's satisfaction of his spousal maintenance obligation; and (3) Mother's *854 change in income. Mother did not request a hearing or otherwise respond to Father's petition. See Guidelines § 24(B) ("If the requested modification is disputed, the parent receiving service must request a hearing within 20 days of service."). In June 2016, the superior court modified Father's child support obligation to $939.62 per month (the "Order").
¶ 4 Ten days after the court entered the Order, Mother, representing herself, requested a hearing and counter-petitioned requesting that Father pay $1160.15 per month in child support. The court never ruled on Mother's untimely request for a hearing, nor the counter-petition, meaning they are deemed denied. See State v. Hill , 174 Ariz. 313, 323, 848 P.2d 1375, 1385 (1993) ("A motion that is not ruled on is deemed denied by operation of law."); Atchison, Topeka & Santa Fe Ry. Co. v. Parr , 96 Ariz. 13, 15, 391 P.2d 575 (1964) (motions not ruled upon deemed denied by operation of law).
¶ 5 In August 2016, Mother, now represented by counsel, moved to correct the Order pursuant to Arizona Rule of Family Law Procedure 85(C). Mother argued the Order was based on incorrect information regarding Father's gross income and his parenting time. See Guidelines §§ 5, 11. She claimed Father had no parenting time with the oldest of the remaining minor children; therefore, he did not have equal parenting time as stated in the April 2016 petition. Mother also claimed Father's gross monthly income was $24,703.17, not $16,175.83 as listed by Father. Father responded to Mother's Rule 85(C) motion arguing that "Mother had ample time to request a hearing if she did not agree to Father's calculations." The superior court denied the motion and Mother did not appeal.
¶ 6 The same day Mother moved to correct the Order under Rule 85(C), she separately petitioned to modify child support using the simplified procedure per Guidelines § 24(B). Mother's petition to modify mirrored her arguments in the Rule 85(C) motion, namely, that the Order was premised on incorrect information concerning Father's income and parenting time. Mother requested that Father be ordered to pay $3005.27 per month in child support. Father moved to dismiss Mother's petition arguing that "Mother's failure to comply with the rules and request a timely hearing bar her from the relief she now requests." Father further argued that incorrect information used in a child support calculation cannot support a finding that there has been a "showing of changed circumstances that is substantial and continuing" under A.R.S. § 25-503(E). The court dismissed Mother's petition, finding "the allegations contained in [Mother's petition] do not allege a sufficient 'showing of changed circumstances that is substantial and continuing' as is required by A.R.S. § 25-503(E)." Mother did not appeal.
¶ 7 In October 2016, Mother again petitioned to modify child support using the simplified procedure ("October 2016 petition"), requesting Father pay $2268.94 per month. In an attached child support worksheet, Mother listed Father's income as $20,000 per month based on Father's 2015 income tax return, which she attached as an exhibit to her petition. Mother listed Father's parenting time as 121 days. Father moved to dismiss Mother's petition, arguing there was no change of circumstances warranting modification from the Order or from the previously filed motion to modify filed in August. See supra , ¶ 6. After oral argument, the superior court dismissed Mother's petition. Mother timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).
DISCUSSION
A. Claim Preclusion Did Not Prevent the Superior Court from Considering Whether Father's Child Support Obligation Should be Modified.
¶ 8 We review child support awards for abuse of discretion. Sherman v. Sherman , 241 Ariz. 110, 112, ¶ 9, 384 P.3d 324, 326-27 (App. 2016) ; Engel v. Landman , 221 Ariz. 504, 510, ¶ 21, 212 P.3d 842, 848 (App. 2009). An abuse of discretion occurs when the court commits an error of law that underlies its exercise of discretion. Kohler v. Kohler , 211 Ariz. 106, 107, ¶ 2, 118 P.3d 621, 622 (App. 2005). We accept the court's factual findings unless clearly erroneous, but review de novo *855 the court's conclusions of law and interpretation of the Guidelines. Nia v. Nia , 242 Ariz. 419, 422, ¶ 7, 396 P.3d 1099, 1102 (App. 2017). We look "to the [Guidelines'] plain language as the most reliable indicator of the supreme court's intent." Milinovich v. Womack , 236 Ariz. 612, 615, ¶ 10, 343 P.3d 924, 927 (App. 2015). We "strive to interpret the relevant section in conjunction with other provisions of the Guidelines and consistent with their overall purpose." Id.
¶ 9 Guidelines § 24 permits either parent to petition the superior court to modify child support upon a showing of a substantial and continuing change of circumstances. See A.R.S. § 25-503(E). The party seeking the modification may use a standard procedure or a simplified procedure. Guidelines § 24(A), (B). When using the simplified procedure:
A party seeking to modify child support ... shall file with the clerk of the court a request for simplified modification, accompanied by a sworn Parent's Worksheet for Child Support Amount, and pay the required filing fee. The parties shall then follow the procedures specified in the [Guidelines].
Ariz. R. Fam. Law P. 91(B)(2)(b).
¶ 10 A parent may request the court to modify child support using the simplified procedure if applying the Guidelines "results in an order that varies 15% or more from the existing [child support order]." Guidelines § 24(B). Under the simplified procedure:
A fifteen percent variation in the amount of the order will be considered evidence of substantial and continuing change of circumstances. A request for modification of the child support amount must be accompanied by a completed and sworn "Parent's Worksheet for Child Support Amount," and documentation supporting the incomes if different from the court's most recent findings regarding income of the parents .
* * *
A copy of the request for modification of child support and the "Parent's Worksheet for Child Support Amount," including supporting documentation, showing that the proposed child support amount would vary 15% or more from the existing child support order shall be served on the other parent.... If the requested modification is disputed, the parent receiving service must request a hearing within 20 days of service.
* * *
Upon proof of service and if no hearing is requested within the time allowed, the court will review the request and enter an appropriate order or set the matter for hearing. If any party requests a hearing within the time allowed, the court shall conduct such hearing. No order shall be modified without a hearing if one is requested.
Guidelines § 24(B) (emphasis added).
¶ 11 Mother argues the superior court erred by dismissing her October 2016 petition. She contends the superior court should have held a hearing because her petition "contained allegations sufficient to show the difference between the [Order] and the amount as calculated and alleged in [her] petition differed by more than 15%." To support her claim, Mother points to Father's 2015 tax returns that were attached to her petition that show a discrepancy between Father's gross income and that used to calculate the Order. Also, Mother claims the superior court incorrectly calculated Father's parenting time because the amount credited to Father in the Order differed from the amount of parenting time awarded to Father in the parties' divorce decree. The parenting time order in the decree has not been modified.
¶ 12 Father argues the superior court made findings in the Order on all relevant child support factors, including his income and parenting time, and that Mother cannot now argue there has been a substantial and continuing change in circumstances based on the numbers "she prefers." Father maintains that, even if the factors listed in the Order are incorrect, no circumstances have changed since the court entered the Order and when Mother petitioned to modify child support, and thus the superior court correctly dismissed the petition. We construe Father's argument to be that Mother's petition to modify child support is barred by claim preclusion.
*856 See Hall v. Lalli , 194 Ariz. 54, 57, ¶ 7, 977 P.2d 776, 779 (1999) (claim preclusion "preclude[s] a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action").
¶ 13 This court has previously held claim preclusion did not prevent the superior court from considering whether changed circumstances warranted reinstating child support. In re Marriage of Gibbs , 227 Ariz. 403, 408, ¶ 12, 258 P.3d 221, 226 (App. 2011) (although the doctrine of claim preclusion "enforces important principles of judicial economy and finality, its application, under the specific circumstances here, would undermine the public policy expressed in our applicable child support modification statutes by preventing consideration of changed circumstances"). Based on the text of the Guidelines, we likewise hold claim preclusion does not prevent a court from considering a parent's contention that a modification of child support is warranted based on incorrect information used in a previous calculation. See Gibbs , 227 Ariz. at 408, ¶ 12, 258 P.3d at 226 ("To the extent there is a conflict between policies behind claim preclusion and those expressed through the statutes addressing child support modification, the legislature's word controls.").
¶ 14 Our child support modification statutes provide that, so long as a party makes a showing of substantial and continuing change of circumstances, child support may be modified even after a final order is entered. A.R.S. §§ 25-327(A), -503(E); Guidelines § 24. The Guidelines further permit a parent to use the simplified procedure if applying the Guidelines results in a fifteen percent variation from the current child support order. Guidelines § 24(B). The statutory provisions allowing a parent to petition to modify child support at any time also supports our conclusion that claim preclusion is not to be rigidly applied in child support modification cases. See A.R.S. § 25-327(A) ; Guidelines § 24. Thus, claim preclusion does not preclude the superior court from considering Mother's October 2016 petition and determining if incorrect information was used, and if so, whether the correct information would change the child support order by fifteen percent.
B. Mother Presented a Colorable Claim that Applying the Guidelines Results in a Fifteen Percent Variation in Father's Child Support Obligation.
¶ 15 Under the facts of this case, the superior court should have held an evidentiary hearing before ruling on Father's motion to dismiss to assess Father's income and parenting time. See Gibbs , 227 Ariz. at 407, ¶ 6, 258 P.3d at 225 ("Even when the technical requirements for preclusion based on a former adjudication are met, the court should not apply preclusion principles [ ]'where there is some overriding consideration of fairness to a litigant,'[ ] as determined by the particular case's circumstances."). Both income and parenting time are relevant factors when determining child support, see Guidelines §§ 8, 11, and the facts surrounding both were in dispute.[1]
¶ 16 Under the simplified procedure, the parent seeking to modify child support must include a completed and sworn child support worksheet and documentation supporting the parents' incomes "if different from the court's most recent findings regarding income of the parents." Guidelines § 24(B). Mother included supporting documentation for Father's income, and the decree was inconsistent with Father's stated parenting time. Mother's child support worksheet accompanying her October 2016 petition resulted in at least a fifteen percent variation in Father's child support obligation per the Guidelines as compared to the Order. "A fifteen percent variation in the amount of the *857 order will be considered evidence of substantial and continuing change of circumstances." Id.
¶ 17 Mother produced evidence that incorrect information was used in the Order. If Mother's evidence is correct, it would result in a substantial and continuing change of circumstances resulting in a fifteen percent variance in the child support order. See Guidelines § 24(B). Because Father disputed Mother's requested modification, the Guidelines required him to request a hearing. See id. Because Father did not request a hearing, per the Guidelines, the superior court should have "review[ed] the request and enter[ed] an appropriate order or set the matter for hearing ." See id. (emphasis added).
¶ 18 The superior court did hear argument on Father's Motion to Dismiss. The court asked Mother's counsel multiple times what circumstances had changed since the court entered the Order, but the parties did not submit additional evidence or testify. In its order granting Father's Motion to Dismiss, the superior court stated:
Mother initially argued that there has been the requisite change in circumstances since the last order ... but after further questioning by the Court conceded that they did not occur during the relevant time period.
The superior court incorrectly interpreted the Guidelines. A parent must show "changed circumstances that are substantial and continuing" before child support may be modified. A.R.S. §§ 25-327(A), -503(E); Guidelines § 24. Changed circumstances in the context of child-support modification, however, may be that incorrect information was used to determine a previous order.[2] Thus, the superior court's inquiry should have focused on whether Mother's October 2016 petition alleged a colorable claim that incorrect information was used in the Order, and if the information is corrected would there be a fifteen percent variation in the child support order.
¶ 19 The superior court's determination of Father's child support obligation in the Order was based solely on Father's April 2016 petition and accompanying child support worksheet, which did not include supporting documentation. Mother and Father's respective child support worksheets alleged different incomes and parenting time, and a hearing is the preferred method for resolving disputed facts. See Pridgeon v. Superior Court , 134 Ariz. 177, 181, 655 P.2d 1, 5 (1982) ("[I]f ... affidavits are directly in opposition upon any substantial and crucial fact relevant to the grounds for [child custody] modification, the court may not conduct a 'trial by affidavit', attempting to weigh the credibility of the opposing statements. In such a case, the court must hold a hearing."); Volk v. Brame , 235 Ariz. 462, 467, 469, ¶¶ 16, 24, 333 P.3d 789, 794, 796 (App. 2014) (a hearing where the parties were only permitted to submit documents to the court and neither party was permitted to testify provided "no adversarial check on the quality of the information that Mother provided to the court and upon which it relied to modify Father's child support obligation").
¶ 20 Father argues allowing Mother to petition to modify child support because she calculated a fifteen percent variation from the Order "would lead to chaos and mass filings" in the superior courts because "any *858 aggrieved parent unhappy with a [c]ourt's findings" could endlessly petition to modify child support, "alleging a 15% change, when in fact there is NO change in the circumstances underlying the existing Order." However, as discussed above, a request for modification using the simplified procedure must be accompanied by a child support worksheet and supporting documentation if the income alleged is "different from the court's most recent findings." Guidelines § 24(B). Accordingly, the parent seeking modification must present a colorable claim that there has been a change in relevant factors, or that an error occurred in determining the relevant factors, such that applying the Guidelines results in a fifteen percent variation from the current child support order.
¶ 21 We acknowledge Mother failed to object or respond to Father's April 2016 petition, and we do not question the superior court's decision to enter the Order without holding a hearing or receiving evidence from Mother. We also note any modification to Father's child support obligation would be prospective only, as "[m]odifications ... are effective on the first day of the month following notice of the petition for modification." A.R.S. § 25-327(A) (unless the court "for good cause shown" orders the modification to be effective at a different date not earlier than the date the petition was filed). Consequently, by not responding to Father's April 2016 petition or appealing the superior court's dismissal of Mother's earlier petitions to modify, Mother may receive less child support than she was entitled to for the months between when the superior court entered the Order and when Mother filed the October 2016 petition.
¶ 22 Mother's subsequent petition sufficiently raised a colorable claim that application of the Guidelines results in a fifteen percent variation in Father's child support obligation. Therefore, the superior court erred by not holding a hearing to determine Father's correct income, parenting time, and whether his child support obligation should be modified.
C. Attorney's Fees and Costs on Appeal.
¶ 23 Both parties request an award of attorney's fees and costs pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 21(a) and (c) and A.R.S. § 25-324. Section 25-324 affords a court discretion to award a party reasonable attorney's fees based on the "financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." In exercising our discretion, we award Mother her reasonable attorney's fees on appeal. As the prevailing party on appeal, Mother is also entitled to costs upon her compliance with ARCAP 21.
CONCLUSION
¶ 24 For the foregoing reasons, we reverse the superior court's dismissal of Mother's October 2016 petition and remand for further proceedings consistent with this opinion.

Under the Guidelines in effect at the time Mother petitioned to modify child support, and under the Guidelines effective April 1, 2018, Father's child support obligation should reflect that he and Mother have multiple children with different parenting plans. See Guidelines § 11; Adoption of Revisions to the Arizona Child Support Guidelines, Administrative Order No. 2018-08, Guidelines § 16 (adopted Jan. 24, 2018). Per the Guidelines, Father's parenting time credit is based on the number of parenting days Father actually exercises.

In the context of spousal maintenance modification, "changed circumstances" has been defined to only encompass events that occur after an order was entered. See Scott v. Scott , 121 Ariz. 492, 494, 591 P.2d 980, 982 (1979) ("To be relevant evidence for a modification, a changed circumstance must occur subsequent to the divorce."); McClendon v. McClendon , 243 Ariz. 399, 443-44, ¶ 15, 408 P.3d 440, 442 (App. 2017) (for spousal maintenance modification "res judicata prevents a party 'from obtaining a modification ... based on facts which could have been raised' in the previous proceeding"); see also In re Marriage of Rowe , 117 Ariz. 474, 475-76, 573 P.2d 874, 875-76 (1978) ; Hornbaker v. Hornbaker , 25 Ariz. App. 577, 578, 545 P.2d 425 (1976). While A.R.S. § 25-327 provides for modification of both spousal maintenance and child support, the Arizona Supreme Court has promulgated the Guidelines, which apply only to child support, and as discussed above, include specific provisions for modifying child support. See Guidelines § 24. Accordingly, "[c]hild support and [spousal] maintenance are considered under different laws," Sherman v. Sherman , 241 Ariz. 110, 115, ¶ 18, n.1, 384 P.3d 324, 329 (App. 2016), and awards for both "involve distinct considerations." Elliott v. Elliott , 165 Ariz. 128, 137, 796 P.2d 930, 937 (App. 1990).